## JONES vs. PEASE.    Second Appeal.

*Practice—Undertaking on appeal.—Sec. 25, ch. 264, Laws of 1860.*

Where a judgment directed the execution and delivery of a deed of land by the defendant, but did not in terms require the defendant to give possession to the plaintiff, and the defendant appealed, executing the deed and depositing it with the clerk as required by sec. 24, ch. 264, Laws of 1860, the plaintiff could not demand possession of the land until the delivery of the deed, and an additional undertaking against waste could not be required of the appellant under the provisions of sec. 25 of that chapter.

APPEAL from the Circuit Court for *Dodge* County.

The judgment of the court in the preceding cause required the defendant, within ten days after written notice thereof, to execute and deliver to the clerk of said court a deed to plaint-

iff of one half of the mill property described in the complaint, and also a bond for the reconveyance, on certain conditions, of the land conveyed to him by plaintiff.  It also required the plaintiff, on notice of the delivery of such deed and bond, to deliver to the clerk certain instruments by him to be executed to the defendant, according to the oral agreement between the parties ; and also, the sum of $100, and to affix the necessary stamps to his deed previously delivered to defendant, if the same should be produced.   It further ordered that on the delivery to the clerk by plaintiff of said instruments, &c., the clerk deliver to him defendant's said deed and bond, and to defendant the instruments, &c., so to be delivered by plaintiff. It also adjudged title to an undivided half of the personal property in question to be in plaintiff, and enjoined defendant from transferring or encumbering any of the property described in the complaint until full compliance with the judgment ; and adjudged defendant to pay the costs of the action.   Defendant, on appealing from the judgment, filed the undertaking in the sum of $250 for the payment of costs and damages that might be awarded against him on the appeal, required by sec. 21, ch. 264, Laws of 1860 ; and also executed and deposited with the clerk the deed and bond to the plaintiff required of him by the judgment.   Afterwards, on the plaintiff's motion, the court made an order directing the defendant to execute a written undertaking with sureties, in the sum of $2000, against the commission of waste upon the mill property while in defendant's sole possession during the pendency of the appeal ; that in case defendant should neglect to file such undertaking, then, on delivery to the clerk by plaintiff of the instruments and stamps which by such judgment were by the plaintiff to be delivered, such clerk should deliver to the plaintiff the deed and bond deposited by defendant ; and that defendant pay the costs of the motion.   From this order the defendant appealed.

*Gill & Barber*, for appellant.

*E. P. Smith*, for respondent, contended that the circuit court, as a court of equity, had power, subsequent to the appeal, and *before the appellate court was in session*, to fix and demand the security required by the order.　Though the appeal operated as a stay of proceedings in the first instance, it was subject to plaintiff's right to apply to the court for leave to proceed in default of security notwithstanding the appeal, the appellate court not being in session.　*Green v. Winter*, 1 Johns. Ch., 77 ; *Bradwell v. Weeks*, id., 325 ; *Messonnier v. Kauman*, 3 id., 65. 2. The judgment is for the execution of a deed and bond to plaintiff, declares his title to the personal property in question, enjoins defendant from transferring or encumbering the premises and property described, and directs payment of costs. The provisions of ch. 403, Laws of 1862, are not satisfied so as to stay proceedings on any appeal, until all the undertakings provided by statute for the respondent's protection are executed. *Waring v. Ayres*, 12 Abb., 112 ; *Stemhaus v. Schmidt*, 5 id., 66 ; 2 Tillinghast & S. Pr., 903.　In this case, besides the undertaking required by the order, the following undertakings should have been filed in order to stay proceedings on the judgment : (1.) For costs and damages in this court, and to abide the event of the appeal.　Laws of 1860, ch. 264, sec. 21.　(2.) To pay the costs of the circuit.　Sec. 22.　(3.) That defendant would not transfer or encumber the property.　Sec. 27.　3. The judgment, in directing delivery of a conveyance of an undivided half of the mill property, did virtually direct a delivery of possession ; since on receipt of the conveyance plaintiff would become joint owner of the property, and the possession of his co-tenant would be his possession.　*Challefaux v. Ducharme*, 8 Wis., 287.　The defendant, therefore, could not stay proceedings without giving the undertaking in question, under sec. 25, ch. 264, Laws of 1860.　4. Possession is necessarily implied in any judgment directing a conveyance.　*Kershaw v. Thompson*, 4 Johns. Ch., 615.

Dixon, C. J. The judgment directs the execution and delivery of a deed of the undivided half of the mill property, but does not in terms require the defendant to give possession to the plaintiff. The possession will follow the deed, when that has been properly delivered to the plaintiff pursuant to the judgment; but it cannot be lawfully demanded or enforced before such delivery. For this reason it is not a case within the provisions of section 25, chap. 264, Laws of 1860, under which the order for further security was made. It is governed by the preceding section 24 of the same chapter. The defendant having perfected his appeal by the service of notice and the execution of the undertaking for costs and damages required by section 21, and also having executed and deposited the deed as prescribed in section 24, all further proceedings in the circuit court were stayed. Laws of 1862, chap. 403; *Hudson v. Smith,* 9 Wis., 122. It was not competent, therefore, for that court, after the appeal had been thus perfected and proceedings stayed, to require the appellant to give further security by undertaking, or, as alternative relief, to direct the clerk to deliver the deed to the plaintiff in advance of a determination of the cause in this court.

*By the Court.*—Order reversed.