South Bend Chilled Plow Co. vs. George C. Cribb Co.

*By the Court.*— Order affirmed.

SOUTH BEND CHILLED PLOW COMPANY and others, Respondents, vs. GEORGE C. CRIBB COMPANY and others, imp., Appellants.

*January 9 — February 2, 1900.*

*Appeal: Res adjudicata: Remedies: Pleading: Multifariousness: Prayer for relief.*

1. Where on appeal a complaint has been held to state facts sufficient to constitute a cause of action, the question as to whether it contained more than one cause of action was necessarily involved and decided in reaching the conclusion on which the decision was grounded, and was therefore *res adjudicata* when presented as the primary subject for adjudication on the second appeal, although it was not raised for consideration on the former appeal.

2. The wronged party to an action may be entitled to several kinds of relief, even where there exists but a single primary right, a corresponding primary duty, and a failure to perform that duty.

3. In testing a complaint to determine whether it is single or double as regards primary rights, the different objects in view by the pleader, as indicated by the prayer for relief, are of no significance, except to aid in construing the allegations and in clearing up obscurities that may exist, as to whether or not he intended to state facts showing a violation of distinct primary rights.

4. Where there is no obscurity in that regard, the statement of facts upon which the prayer for relief is based cannot be enlarged by what follows in the prayer, even though it be appropriate to several distinct causes of action.

APPEALS from orders of the circuit court for Milwaukee county; D. H. JOHNSON, Circuit Judge. *Affirmed.*

Appeals from orders overruling separate demurrers to the complaint, each grounded on the proposition that such complaint states several causes of action that cannot be properly joined. The complaint, by appropriate allegations, sets forth that each of the plaintiffs is a creditor of the defendant corporation, the *George C. Cribb Company;* the amount of the indebtedness as to each; that the action is brought in behalf of the plaintiffs as creditors of such corporation and of all persons similarly situated; that, after the indebtedness mentioned accrued, the officers and directors of the corporation, named as defendants, in breach of their duties as such to the corporation, wasted and misapplied its assets and converted the same to their own use and to the use of the defendant corporation, the *Cribb Carriage Company,* which last-named corporation is alleged to have been formed by such officers and directors in aid of a scheme formed by them to remove the assets of the *George C. Cribb Company,* without consideration, from its control and beyond the reach of its creditors, which scheme was carried out, leaving the debtor corporation wholly insolvent. All the various steps resorted to, to effect the scheme above stated, are set forth in the complaint, together making a good cause of action in equity at the suit of creditors, against the officers of the *George C. Cribb Company* and the corporation and persons

who fraudulently obtained the property of such company as alleged, or some part thereof, to set aside the alleged fraud-ulent transfers and compel an accounting by such officers of their official management of the affairs of the corporation so far as necessary to protect the plaintiffs as creditors and protect all other persons similarly interested. The complaint contains a prayer for relief to that effect, and, in addition, for judgment against the *George C. Cribb Company* in favor of the *South Bend Chilled Plow Company* for the amount claimed to be due to it, and similar judgments in favor of the *St. Paul Plow Company* and the *Western Wheeled Scraper Company* respectively.

For the appellants the cause was submitted on the brief of *Winkler, Flanders, Smith, Bottum & Vilas.*

For the respondents there was a brief by *A. G. Weissert* and *E. M. Mc Vicker,* attorneys, and *W. J. Turner,* of counsel, and oral argument by *Mr. Turner.*

MARSHALL, J.  The complaint, in all essential parts, is the same as that considered on the first appeal in this case, reported in 97 Wis. 230.  While the question here raised was not presented for consideration there, it was necessarily involved and was decided in reaching the conclusion upon which the decision was grounded; and the result is therefore *res adjudicata* of the same question, presented, as it now is, as the primary subject for adjudication.  *Case v. Hoffman,* 100 Wis. 334; *Quackenbush v. W. & M. R. Co.* 71 Wis. 472; Wells, Res Adjudicata, § 217.  It is said that, "Every proposition assumed or decided by the court, leading up to the final conclusion, and upon which such conclusion was based, was as effectually passed upon as the ultimate question which was finally solved." *Trustees Sch. Dist. v. Stocker,* 42 N. J. Law, 115.  That rule applies to a second presentation of a question in this court on demurrer to the same complaint.  *Noonan v. Orton,* 27 Wis. 300; *Fire De-*

*partment of Oshkosh v. Tuttle,* 50 Wis. 552; *Ellis v. N. P. R. Co.* 80 Wis. 459; *Schoenleber v. Burkhardt,* 94 Wis. 575. On the first appeal the ground of demurrer was insufficiency of facts to constitute a cause of action. In reaching a conclusion as to that, the character of the complaint and the cause of action stated therein, if any, were necessarily considered, and the result was that the complaint stated a cause of action against the officers of the *George C. Cribb Company* for misuse of the property of the corporation to the injury of its creditors, and for which such creditors were entitled to relief under the statutes, secs. 3237, 3239, Stats. 1898. It was held that, though there were many historical matters stated in the complaint in connection with facts essential to the purpose of the pleader, the purpose appeared with reasonable certainty to be to redress a wrong to the corporation in which the creditors were interested, and for which they were entitled to a remedy in the manner sought.

Notwithstanding the foregoing, some observations on the merits of the question presented will not be out of place, and may be helpful in other cases.

As has often been said by this court, the test of whether there is more than one cause of action stated in a complaint is not whether there are different kinds of relief prayed for or objects sought, but whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication. *Gager v. Marsden,* 101 Wis. 598. In every cause of action there must exist a primary right, a corresponding primary duty, and a failure to perform that duty. The result may be, and often is, that the wronged party is entitled to several kinds of relief. The fact that, in such circumstances, in his action to enforce the right denied, the plaintiff prays for full relief, combining several elements or objects, does not render the complaint open to demurrer on the ground of multifariousness. In testing a complaint to determine whether it is single or

double as regards primary rights, the different objects in
view by the pleader, as indicated by the prayer for relief,
are not controlling.    They are of no significance whatever,
except to aid in construing the allegations of the pleader
and in clearing up obscurities that may exist, as to whether
he intended to state facts showing a violation of distinct
primary rights, or not.    When there is no obscurity in that
regard, the statement of facts upon which the prayer for re-
lief is based alone speaks, and if the language shows presen-
tation for adjudication of a single controversy, it cannot be
enlarged by what follows in the prayer for relief even though .
it be appropriate to several distinct causes of action.

Applying what has been said to the pleading in this case,
but one cause of action can be discovered which the pleader
is seeking to enforce, and that is to compel the officers of
the *George C. Cribb Company* to account, for their official
conduct in the management and disposition of the funds and
property of the corporation, for the benefit of its creditors.
That involves, necessarily, an adjudication as to the amount
of the claims of the respective creditors, whether plaintiffs
or defendants, and the rights of parties who are the guilty
participants with the officers of the corporation in fraudu-
lently disposing of or wasting its property.  The facts pleaded
show a single cause of action, as indicated, with such clear-
ness that the scope of the prayer for relief cannot, by any
rule of construction, change it to a statement of two primary
rights violated and the presentation of two primary contro-
versies for adjudication.    The result is that the orders ap-
pealed from must be affirmed.

*By the Court.*— Orders affirmed.