FOSTER, Appellant, vs. ROWE, imp., Respondent.

*April 13—June 20, 1907.*

*Appeal:* Res judicata: *Law of the case: Equity: Taxpayers' action: Remedy at law.*

1. The question whether a complaint alleges facts sufficient to constitute a cause of action and entitling plaintiff, under the laws of this state, to the equitable relief demanded is one on which the decision of this court is final, and its decision becomes the law of the case, even though federal questions are involved in the determination of plaintiff's rights.

2. No action in equity will lie by a taxpayer in behalf of himself and other taxpayers to restrain the levy and collection or to set aside the taxes of a municipality generally upon his own and all other property therein. Such party, if aggrieved by any error or irregularity in the assessment, is left to his appropriate legal remedy.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

This action is brought by the plaintiff as a taxpayer of the village of Fairchild, Eau Claire county, on behalf of himself and all other taxpayers similarly situated, to restrain the village authorities from spreading on the village tax roll the tax in question, which had been authorized by the commissioners of equalization under secs. 1077*a,* 1077*b,* Stats. (1898). The village authorities defaulted in the case, and the defendant *Rowe,* a taxpayer of the city of Eau Claire, was allowed to defend. He demurred to the complaint upon the grounds (1) that the court had no jurisdiction of the subject of the action; (2) that plaintiff had no legal capacity to sue in his behalf and in behalf of all others similarly situated; (3) that there was a defect of parties, in that the village was a necessary party plaintiff; and (4) that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and on appeal from such order to this court the order was affirmed. The case is reported in 128 Wis. 326,

107 N. W. 635, where a complete statement of the complaint is given, which need not be repeated here. After *remittitur* of the case upon the decision thus made, the case was submitted to the trial court upon the same complaint and no evidence was offered. The court awarded judgment dismissing the complaint and for costs against plaintiff. This is an appeal from such judgment.

For the appellant there was a brief by *W. H. Frawley* and *H. B. Walmsley,* and oral argument by *Mr. Walmsley.*

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

The following opinion was filed April 30, 1907:

SIEBECKER, J. The former opinion sustaining the demurrer passed specifically on the question of the constitutionality of the law authorizing the appointment of commissioners and prescribing their duties and power to review county assessments made by the county boards. It is stated in the opinion "that the proceedings of the board, if conducted in good faith and within its jurisdiction, are final and conclusive, and the question to be considered is whether the allegations of the complaint show such a disregard of duty as to render its acts contrary to law and void," and that whoever attacks the proceedings of the commissioners "must show affirmatively want of jurisdiction." Upon examination of the complaint it was held that it did not state facts sufficient to constitute a cause of action. The plaintiff now contends that, in view of the fact that federal questions are involved in the determination of the plaintiff's rights, this court was not, under the circumstances, one of last resort, and therefore the former adjudication by this court upon the questions involved is not conclusive on this appeal, and does not come under the rule that such former decision establishes the law of the case. We find no support for this contention in any of the authorities cited to our attention. The question

whether plaintiff has alleged facts sufficient to constitute a cause of action and entitling him under the laws of this state to the equitable relief demanded is one on which the decision of this court is final, and its decision becomes the law of the case. Within this principle every question determined on the former appeal is therefore binding on this and the lower court. *Keystone L. Co. v. Kolman,* 103 Wis. 300, 303, 79 N. W. 224; *South Bend C. P. Co. v. George C. Cribb Co.* 105 Wis. 443, 81 N. W. 675; *McCord v. Hill,* 117 Wis. 306, 94 N. W. 65; *Bostwick v. Mut. L. Ins. Co.* 122 Wis. 323, 99 N. W. 1042; *Pietsch v. Milbrath,* 123 Wis. 647, 101 N. W. 388, 102 N. W. 342.

The former decision, that the complaint failed to state a cause of action, determined the question embraced in the second alleged ground of demurrer, to the effect that plaintiff has no right to sue in his behalf and that of the village and the taxpayers thereof. In its ultimate analysis this allegation amounts to an averment that plaintiff has stated no ground entitling him and those whom he claims to represent to the equitable relief demanded. It is not a ground of demurrer to his legal capacity to sue. Legal incapacity to sue implies a legal disability to sue, and in no sense goes to the cause of action, as the averment does in the demurrer. See *McKenney v. Minahan,* 119 Wis. 651, 656, 657, 97 N. W. 489; *Bunker v. Hudson,* 122 Wis. 43, 49, 99 N. W. 448. The opinion in the former appeal does not discuss this subject at length, and it may be well to cite the following cases holding that no action in equity will lie by a taxpayer in behalf of himself and other taxpayers to restrain the levy and collection or to set aside the taxes of a municipality generally upon his own and all other property therein, but such party, if aggrieved by any error or irregularity in the assessment, is left to his appropriate legal remedy: *Gilkey v. Merrill,* 67 Wis. 459, 30 N. W. 733; *West v. Ballard,* 32 Wis. 168; *Warden v. Fond du Lac Co.* 14 Wis. 618; *Sage v. Fifield,* 68

Wis. 546, 32 N. W. 629; *Judd v. Fox Lake,* 28 Wis. 583; *Pedrick v. Ripon,* 73 Wis. 622, 41 N. W. 705; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied June 20, 1907.