HEDBERG and others, Appellants, vs. DETTLING and others,
Town supervisors, Respondents.

*February 6—March 5, 1929.*

For the appellants there was a brief by *Knowles & Doolittle* of River Falls and *G. H. Snyder* of Minneapolis, Minn., and oral argument by *L. S. Doolittle.*

*W. G. Haddow* of Ellsworth, for the respondents.

ESCHWEILER, J. The question presented is whether this action, started May 16th, to restrain defendants from laying out a road as determined by them on January 14, 1928, and which determination was affirmed on March 31st by the reviewing commissioners, their order being filed April 9th, is barred by sub. (2) of sec. 80.34, Stats., which reads:

"The validity of *any such order* if fair on its face shall not be open to collateral attack, but may be tested by *certiorari* or other proper action or proceeding brought directly for that purpose at any time *within three months* after *such order* is made but not thereafter."

This particular provision was added by sec. 2 of ch. 446 of the Laws of 1923 to the then long existing statutes regu-

lating the laying out of highways. This chapter 446, apparently a revisor's bill, contained a revision of, with many additions to and amendments of, the general law relating to highways, and there is no help to be found in that chapter in determining a question here raised whether the phrase "any such order" was intended to be limited to "the order" of the supervisors on the first application or to "the order" made by the commissioners on the appeal, or whether it included each of such orders.

It is unnecessary, however, to now decide such precise question because we are convinced that in this case the period of time between February 13th, when the plaintiffs appealed to the county judge for the appointment of commissioners, and April 8th, when the commissioners filed their order, should, in any event, be excluded in the computation of the three-months limitation for review proceedings under the particular statute of limitations here involved, sec. 80.34 (2), *supra,* as it may apply to the first order.

There being nothing in this statute to the contrary, then, under the well established rule in this state, the appeal taken and prosecuted in due course to the county judge, the appointment of commissioners by him, and their acting upon the subject matter, all operated as a stay of the proceedings so far as the order of the supervisors was concerned, and amounted to a then present bar of any further proceedings by them. Such a period of inhibited action by them should therefore form no part of the three-months period fixed by this statute within which plaintiffs are required to affirmatively act if they wish to further test the validity of the order.

It is a general rule that, in the absence of specific statutory direction to the contrary, an authorized and properly taken appeal from one tribunal or body to another having appellate or reviewing power, necessarily, and from its very nature, stays the proceedings of the body or tribunal which made the determination sought to be reviewed. It has been

so stated in *Hudson v. Smith,* 9 Wis. 122, 127; *Ætna Life Ins. Co. v. McCormick,* 20 Wis. 265, 272; *Jones v. Pease,* 21 Wis. 654, 657; *Northwestern Mut. Life Ins. Co. v. Park Hotel Co.* 37 Wis. 125, 131.

A case relied upon by respondents is *People ex rel. Cook v. Hildreth,* 126 N. Y. 360, 27 N. E. 558, where it was held, under a somewhat similar situation, although there recognizing the general rule (p. 363) that an appeal suspends the power of the tribunal from which it is taken, that under their particular statutes affording remedies there was such a distinction between what could be effected by the writ of *certiorari* there invoked, and the other distinct remedy by appeal from such order, that such two remedies, one as to the law and the other as to the facts, might, and properly should, run concurrently, and that the application there for *certiorari* was too late. We do not consider that decision applicable here.

*By the Court.*—Order reversed, and cause remanded for further proceedings.