Estate of Brust: State, Appellant, vs. Brust and
others, Respondents.

*April 13—May 11, 1948.*

For the appellant there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondents there was a brief by *Zimmers, Randall & Zimmers,* and oral argument by *Robert G. Wilke,* all of Milwaukee.

WICKHEM, J.   The only issue in this case is one of law. Decedent died testate June 22, 1946, and proceedings to probate his will were commenced on July 1, 1946.   On June 23, 1947, the sum of $3,770.01 was paid the county treasurer for inheritance tax upon an estimated basis.   June 22, 1947, which was the last day of the year, fell upon Sunday and the question here is whether the ruling of the trial court that payment made on June 23d is effective to satisfy the statute and to preserve the discount is correct.   This requires construction of sec. 72.06, Stats., which provides as follows:

"If such tax is paid within one year from the accruing thereof, a discount of five per cent shall be allowed and deducted therefrom. If such tax is not paid . . . interest shall be charged and collected thereon at the rate of ten per cent per annum from the time the tax accrued. . . . In computing time under this section, the day of death shall be excluded."

The order must be reversed. Sec. 72.06, Stats., grants the discount on inheritance taxes only if payment is made within the period of one year from the date of decedent's death. Having the essential qualities of an exemption the discount is to be strictly construed. *Estate of Week,* 169 Wis. 316, 172 N. W. 732; *Will of Chafin,* 210 Wis. 675, 247 N. W. 325; *Ritchie v. Green Bay,* 215 Wis. 433, 254 N. W. 113; *Bowman Dairy Co. v. Tax Comm.* 240 Wis. 1, 1 N. W. (2d) 905; *Comet Co. v. Department of Taxation,* 243 Wis. 117, 9 N. W. (2d) 620.

Sec. 72.06, Stats., expresses the limitation of time within which a discount can be earned by paying the tax expressed in terms of a year and not in terms of days. In *Williams v. Lane,* 87 Wis. 152, 159, 58 N. W. 77, it was held that "by the great weight of authority, where the time for doing an act is one or more years, and the last day falls on Sunday, it cannot be lawfully performed on the next day. In such case the act should be performed on the preceding day." This case rules the instant appeal and requires reversal of the order.

It is urged that sec. 370.01 (24), Stats., is applicable. This section provides:

"The time within which an act is to be done as provided in any statute, *when expressed in days,* shall be computed by excluding the first day and including the last, except that if the last day be Sunday or a legal holiday the act may be done on the next secular day; and when any such time is expressed in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded."

This section was construed in the *Williams Case* to apply "only to cases when the time in the statute 'is expressed in days.'" See also, *Siebert v. Jacob Dudenhoefer Co.* 178 Wis. 191, 188 N. W. 610, which holds to the same effect. It is suggested that an amendment to sec. 72.06, Stats., by ch. 369, Laws of 1943, has changed the rule of the *Williams Case*. The provision added by this amendment is "in computing time under this section, the day of death shall be excluded." It had been the former rule and the clear statutory purpose as expressed in sec. 72.06, that inheritance taxes accrue at the instant of the death of the decedent. The contention that this amendment has changed the rule of the *Williams Case* is evidently based upon the fact that it conforms in part to the provisions of sec. 370.01 (24). But the difficulty is that it does not go far enough to touch the doctrine of the *Williams Case*. It was designed to modify for the purposes of this statute the rule in *Siebert v. Jacob Dudenhoefer Co., supra,* to the effect that where time is to be computed from an event the day of the happening of the event is included. The amendment affects only the starting time of a period limited upon an event and has no effect on the question decided in the *Williams Case* as to when the period ends, assuming that the last day falls on a Sunday or a holiday. It is also contended that sec. 331.23 (2) (enacted by rule of the supreme court) changes the rule of the *Williams Case*. That section which deals solely with rules of procedure provides that "the time within which an act is to be done . . . shall be computed by excluding the first day and including the last; if the last day be Sunday or a legal holiday the party shall have the next secular day in which to do the act or take such proceeding." This section is wholly inapplicable. Sec. 72.06 deals with substantive law, namely, with the conditions under which a discount may be earned by paying inheritance taxes within a

specified period. It is in no sense procedural and it would be beyond the competency of this court to make sec. 331.23 (2) applicable to sec. 72.06.

The foregoing considerations require that the order be reversed. No useful purpose would be served by discussing the several cases cited by respondent as favorable to its position. They are all cases in which the time was limited in terms of days or hours and for reasons heretofore set forth have no applicability to sec. 72.06, Stats.

*By the Court.*—Order reversed, and cause remanded with directions for further proceedings in accordance with this opinion.