PICK INDUSTRIES, INC., Respondent, vs. GEBHARD-BERGHAMMER, INC., Appellant.*

*June 1—July 3, 1953.*

* Motion for rehearing denied, without costs, on September 11, 1953.

For the appellant there was a brief by *Houghton, Neelen &* *Bullinger* of Milwaukee, and *Schloemer, Stoltz & Merriam* of West Bend, and oral argument by *C. J. Schloemer*.

For the respondent there was a brief by *O'Meara &* *O'Meara* of West Bend, and oral argument by *Stephen M. O'Meara*.

FRITZ, C. J.   The instant action for declaratory judgment was an outgrowth of the litigation before us in *Pick Indus-*

tries, Inc., v. Gebhard-Berghammer, Inc. (1952), 262 Wis. 498, 56 N. W. (2d) 97, 57 N. W. (2d) 519.

We have an unusual situation here of having this court in its original decision on the former appeal dated December 2, 1952, and in its subsequent memorandum decision on the motion for rehearing dated March 6, 1953, holding that the arbitration proceedings were statutory and not at common law, while the trial court in the instant proceedings for declaratory judgment had, some three months before our original decision, determined the same to be at common law in the declaratory-judgment action not before us on the first appeal. However, we feel this is a proper situation for application of the rule of the *"law of the case."* This court, having already determined on the prior appeal that the arbitration proceedings were statutory, Pick Industries, Inc., is thereby precluded on this appeal from again raising the same question. *Langer v. Stegerwald Lumber Co.* (1952), 262 Wis. 383, 385, 55 N. W. (2d) 389, 56 N. W. (2d) 512; *Foster v. Rowe* (1907), 132 Wis. 268, 270, 111 N. W. 688; *Cape v. Plymouth Congregational Church* (1906), 130 Wis. 174, 179, 109 N. W. 928; *McCord v. Hill* (1903), 117 Wis. 306, 308, 94 N. W. 65.

While this holding, that the arbitration proceedings were statutory and not at common law, would technically dispose of the issue on this appeal, both parties have requested that this court construe sec. 298.09, Stats., with respect to the position in which the parties are now left as the result of our holding that the arbitration proceedings were statutory in nature. Sec. 298.09 provides as follows:

"At any time within one year after the award is made any party to the arbitration may apply to the court in and for the county within which such award was made for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in the next two sections. Notice in writ-

ing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."

The award of the arbitrators, although dated February 21, 1951, was not filed with the clerk of the circuit court until March 2, 1951. It is our interpretation of the statute that such date of the filing of the award started the running of the period of one year in which either party might move for confirmation of the award. On March 1, 1952, Gebhard-Berghammer, Inc., perfected its appeal to this court from the two orders of the circuit court dated August 1 and November 29, 1951, referred to in our opinion on the prior appeal.

This raises the question of whether March 1, 1952, or March 2, 1952, was the last date available to either party to move for confirmation of the award. This is dependent upon whether in computing the year period the last day of the year is included or excluded. Sec. 370.01 (24), Stats. 1949, provided that, in construing statutes where time is expressed in days, the first day was excluded and the last day included; but ch. 370, Stats., prior to the action of the 1951 legislature, contained no provision for computing time where the statute specified the time in which an act was to be done in years. However, the law was well established by court decision that in computing years the first day was included and the last day excluded. *Siebert v. Jacob Dudenhoefer* (1922), 178 Wis. 191, 195, 188 N. W. 610; and *Estate of Brust* (1948), 252 Wis. 528, 32 N. W. (2d) 349.

The 1951 legislature amended the prior sec. 370.01 (24), Stats., so as to apply the rule in computing time as to days to all computations of time, and renumbered the sec. 370.001 (4), which now reads as follows:

"The time within which an act is to be done or proceeding had or taken shall be computed by excluding the first day and including the last; if the last day be Sunday or a legal holiday the act may be done or the proceeding had or taken on the next secular day; and when any such time is expressed

in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded."

It is clear that this section of the statutes, which became effective during the time that the one-year period was running under sec. 298.09, Stats., is applicable in the instant case in computation of such year period for moving for confirmation of the arbitrator's award. Therefore, the last day for so moving was March 2, 1952.

Inasmuch as the appeal to the court on the first appeal had been perfected on the day previous, such appeal stayed the running of the year period. *Hedberg v. Dettling* (1929), 198 Wis. 342, 224 N. W. 108, and cases cited therein. Counsel for Pick Industries, Inc., stated in their oral argument that after our decision on the first appeal and while the record was still held in this court, Pick Industries, Inc., moved the trial court for confirmation of the award without prejudice to its claim that the arbitration proceedings were at common law and not statutory.

While such motion is not included in the record before us on this appeal, opposing counsel did not dispute such statement and we, therefore, assume that the serving and filing of such is a verity.

It is, therefore, our conclusion that because the first appeal acted as a supersedeas to the running of the year period under sec. 298.09, Stats., such motion to confirm the arbitrator's award was timely made. It is true that the trial court, at the time of the motion did not then have jurisdiction to act upon it because the record was then in this court by reason of the first appeal. *Carpenter Baking Co. v. Bakery S. D. Local Union No. 344* (1941), 237 Wis. 24, 296 N. W. 118. Nevertheless, the motion was there to be acted upon when the record was returned from this court to the trial court.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this opinion.

The following opinion was filed September 11, 1953:

FRITZ, C. J. (*on motion for rehearing*). In our original opinion filed July 3, 1953, in the above action we held that the one-year period made available to the parties to a statutory arbitration proceeding, such as in the instant case, as provided by sec. 298.09, Stats., commences with the filing of the award of the arbitrator with the clerk of court. In other words, the award is not "made," within the meaning of the statute, until it is so filed. The defendant corporation, in its motion for rehearing, asks us to reconsider this construction of sec. 298.09, Stats., and to hold that the award is made when signed by the arbitrators. Counsel calls our attention to the provisions of sub. (1) of sec. 298.14, Stats., providing as follows:

"(1) Any party to a proceeding for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:

"(a) The agreement, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of the time, if any, within which to make the award;

"(b) The award;

"(c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application."

We can construe such subsection no other way than that a party may move for confirmation of the award prior to the filing of the same, inasmuch as the filing is only required to be made at the time the order for entry of judgment upon the award is filed with the clerk of court. The provisions of sub. (1), of sec. 298.14, Stats., were overlooked by this court in its original opinion wherein we held that the award was not "made" until filed. We felt that the situation with respect to making an award by arbitrators in a statutory arbitration proceeding was analogous to that of a judge sign-

ing an order in his chambers and not filing the same. In *Yanggen v. Wisconsin Michigan Power Co.* (1942), 241 Wis. 27, 32, 4 N. W. (2d) 130, we held that such an order signed in chambers was not effective until filed by the clerk of court.

As the award had been "made" prior to March 2, 1951, the year available for plaintiff to move for confirmation of the award had therefore expired by March 2, 1952, when the appeal was perfected in the first appeal to this court.

It is our considered conclusion that, no motion having been made to confirm the award within the one-year period after the same had been signed by the arbitrators, the stipulation to arbitrate and the entire arbitration proceedings are a nullity. Therefore the issues raised by the original complaint and counterclaim must be disposed of by trial in the absence of the parties agreeing on some other method of disposition.

*By the Court.*—The mandate of the original opinion herein is modified so as to provide that judgment is reversed and cause remanded for further proceedings consistent with this opinion on the motion for rehearing. No costs are to be taxed upon the motion for rehearing.