**Michael J. CISZEWSKI, Plaintiff,**

v.

**Michael D. MILAS, Ozaukee County, Defendants.**

No. 94–C–751.

United States District Court, E.D. Wisconsin.

Dec. 6, 1994.

---

DuRocher, Murphy & Murphy by Schott L. Schroeder, Racine, WI, for plaintiff.

Davis & Kuelthau by Harold Laufer and Louis F. Raymond, Milwaukee, WI, for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This civil rights action stems from the termination of Michael J. Ciszewski from his position as deputy sheriff of Ozaukee county. Presently before the court is the defendants' "Motion to Dismiss or in the Alternative for Stay of Proceedings."

### I. Factual Background

The following facts are undisputed. On January 12, 1993, disciplinary proceedings were launched against Mr. Ciszewski, then employed as a deputy sheriff with Ozaukee county, by Sheriff Michael Milas due to Mr. Ciszewski's alleged repeated misuse of a firearm. Sheriff Milas recommended that the plaintiff be terminated for such conduct. On February 11, 1993, the Ozaukee county law enforcement committee ["committee"] upheld Sheriff Milas' recommendation. Mr. Ciszewski then proceeded to arbitrate the decision regarding his termination. Hearings were held by Arbitrator Raymond E. McAlpin on June 3 and 4, 1993. By decision of March 4, 1994, Mr. McAlpin concluded that the appropriate penalty for Mr. Ciszewski's misconduct was suspension rather than termination. In addition, he decided that the plaintiff should be reinstated after independent psychological and medical evaluations as to his fitness for duty were successfully completed. Such conditions were satisfied on May 10, 1994; on May 13, 1994, Mr. Ciszewski demanded, but did not receive, reinstatement.

On June 1, 1994, the defendants filed an action in the circuit court for Ozaukee county to vacate the arbitrator's award pursuant to Wis.Stat. §§ 788.10 and 788.13. In that action, the defendants argue that the arbitrator was without any legal authority to conduct an arbitration hearing or to issue an arbitration award insofar as Wis.Stat. § 59.21 provides the sole remedy to challenge the committee's disciplinary determination. The plaintiff commenced the instant federal action on July 7, 1994, asserting a violation of 42 U.S.C. § 1983 and a number of state law claims. The plaintiff then commenced an action on August 3, 1994, in the circuit court for Ozaukee county seeking confirmation of the arbitrator's award pursuant to Wis.Stat. § 788.09.

### II. Motion to Dismiss

In their motion, the defendants maintain that they are moving to dismiss under "Federal Rules of Civil Procedure Rule 12(b)" but do not identify which of the seven provisions of Rule 12(b) they are invoking. The defendants argue in their supporting

brief that the complaint should be dismissed because the case is "premature." This argument amounts to a claim that the case is not yet ripe for purposes of Article III of the Constitution. In the absence of any contrary suggestion from the movants, the court will treat the portion of the defendants' motion seeking dismissal as a request to dismiss the action for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure. *See Biddison v. City of Chicago,* 921 F.2d 724, 726 (7th Cir.1991) (citing *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.), *cert. denied,* 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989)) ("Whether a claim is ripe for adjudication goes to court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution.").

In his complaint, Mr. Ciszewski alleges that he was deprived of a property interest— his employment—without notice or an opportunity to be heard in violation of his Fourteenth Amendment right to procedural due process. In addition, he raises two state law claims: (1) that his termination violated the collective bargaining agreement between the parties; and (2) that his termination constituted a willful and malicious restraint of trade under Wis.Stat. §§ 133.03 and 134.01. The plaintiff seeks a declaration that the defendants' conduct was unconstitutional, an injunction, compensatory damages, punitive damages and attorney's fees. In addressing the defendants' request for dismissal under Rule 12(b)(1), the parties correctly focus on the sufficiency of the plaintiff's procedural due process claim under 42 U.S.C. § 1983— as will the court—because the failure of that claim will result in the dismissal of the remaining state law claims for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(a) (addresses the court's supplemental jurisdiction of state law claims); Rule 12(b)(1), Federal Rules of Civil Procedure.

 Property interests are not created by the Constitution, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33

L.Ed.2d 548 (1972). A property interest for due process purposes is created when there are "rules or mutually explicit understandings that support [a] claim of entitlement to the benefit...." *Bishop v. Wood,* 426 U.S. 341, 344 n. 6, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Mr. Ciszewski suggests in his complaint that a constitutionally protected property interest in his employment arises either from the arbitration award as provided under the collective bargaining agreement or from the provisions of Wis.Stat. § 59.21, which identifies the disciplinary procedure applicable to county sheriffs, undersheriffs and deputy sheriffs.

The defendants argue that it is premature for the plaintiff to assert a claim that his procedural due process rights were violated by their failure to comply with the arbitrator's decision because they have no obligation to implement the arbitrator's award until the award is confirmed by the state circuit court. Moreover, they assert that even if the circuit court ultimately confirms the arbitrator's award the plaintiff would only be harmed if they then fail to rehire him.

The plaintiff concedes that he may press the above-referenced claim only if the arbitration award is confirmed by the state court. Notwithstanding this contingency, he contends that his federal claim is mature insofar as he has an alternative theory of relief under 42 U.S.C. § 1983 which can be advanced in the event that the arbitration award is not confirmed by the circuit court; namely, that the defendants deprived him of his property interest in his employment as created by statute—Wis.Stat. § 59.21. By the plaintiff's own characterization, these two theories of relief are mutually exclusive.

 A federal court may not act in the absence of an actual present controversy between the parties. U.S. Constitution Art. III, § 2. "Ripeness is a doctrine which courts use to enforce prudential limitations upon their jurisdiction." *Peick v. Pension Benefit Guaranty Corporation,* 724 F.2d 1247, 1261 (7th Cir.1983), *cert. denied,* 467 U.S. 1259, 104 S.Ct. 3554, 82 L.Ed.2d 855 (1984). The two major aspects of the doctrine obligate the court to evaluate both the "fitness of the issues for judicial decision"

and the "hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967); *Peick*, 724 F.2d at 1261. Where, as here, the plaintiff seeks declaratory relief

> [t]he disagreement must not be nebulous or contingent but must have taken on a fixed and final shape so that a court can see what legal issue it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them.

*Peick*, 724 F.2d at 1261 (quoting *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 244, 73 S.Ct. 236, 240, 97 L.Ed. 291 (1952)).

I do not believe that this case is ripe for adjudication. The issues presented by the plaintiff in this case in its present posture are not "fixed and final." The existence as well as the nature of Mr. Ciszewski's claim that the defendants' conduct violated his constitutional rights hinges on the decision of the state court in the two related state actions. Mr. Ciszewski does not dispute the defendants' contention that he would not even have a valid constitutional claim under 42 U.S.C. § 1983 if the state court confirms the arbitrator's award and the defendants comply with the award by reinstating him.

■ Moreover, that the arbitration award must be confirmed by the state court before it is binding on the parties is an established principle under state law. *See* Wis.Stat. § 788.12 ("Upon the granting of an order confirming, modifying or correcting an [arbitration] award, judgment may be entered in conformity therewith in the court wherein the order was granted."); *Milwaukee Police Association v. City of Milwaukee*, 92 Wis.2d 175, 184, 285 N.W.2d 133 (1979) (emphasis in original) (citing *Pick Industries, Inc. v. Gebhard–Berghammer, Inc.*, 264 Wis. 353, 357b, 59 N.W.2d 798, 60 N.W.2d 254 (1953) ("confirmation by the trial court is the *only* way in which the arbitrator's decision concerning the violation of the collective bargaining agreement could have an effect upon the parties, since failure to confirm the award renders the entire arbitration proceeding a nullity."). In addition, the plaintiff admits that its theory of relief depends upon the outcome of the proceedings in the state court.

■ Because the disagreement between the parties in its present state is contingent on the outcome of the proceedings presently pending in state court, the issues are not fit for consideration by this court. The plaintiff has failed to demonstrate that withholding consideration of the issues will cause him to suffer a hardship. *See Peick*, 724 F.2d at 1261. For these reasons, I find that the plaintiff's claim under 42 U.S.C. § 1983 is not ripe for adjudication; such claim will be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure. As a result, the remaining state law claims advanced by the plaintiff over which this court had supplemental jurisdiction will also be dismissed. *See* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it had original jurisdiction, ....").

As an additional matter, because this action will be dismissed in its entirety, the court need not address the defendants' alternative request that the plaintiff's action be stayed; such request will be dismissed, as moot.

Therefore, IT IS ORDERED that the defendants' "Motion to Dismiss or in the Alternative for Stay of Proceedings" be and hereby is granted, in part and dismissed, in part.

IT IS ALSO ORDERED that the portion of the defendants' motion seeking dismissal of the plaintiff's action under Rule 12(b)(1), Federal Rules of Civil Procedure, be and hereby is granted.

IT IS FURTHER ORDERED that the portion of the defendants' motion seeking a stay of proceedings be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed, with costs and without prejudice.