STATE EX REL. MILWAUKEE NORTHERN RAILWAY COMPANY, Respondent, vs. DELANEY, Appellant.

*October 3—October 23, 1917.*

*Milwaukee civil court: Certiorari: Impeachment of record: Failure to render judgment in time prescribed: Loss of jurisdiction: Statutes: Construction.*

1. The docket of the Milwaukee civil court is *held*, on *certiorari*, to show with sufficient certainty that a judgment was not rendered within ten days after final submission of the case, as required by sec. 21 of the Civil Court Act (ch. 549, Laws 1909, as amended by ch. 425, Laws 1911); and evidence could not be received to impeach such record collaterally.

2. Although said sec. 21 is mandatory in form, the failure of the civil court to file its decision or render judgment as therein required does not deprive it of jurisdiction to proceed further in the case. Such a result would be contrary to the clear legislative policy of the state.

3. In the construction of statutes the primary question is, What was the legislative intent?

APPEAL from a judgment of the circuit court for Milwaukee county: EDWARD T. FAIRCHILD, Circuit Judge. *Reversed.*

*Certiorari.* The defendant here instituted an action against the plaintiff here in the civil court of Milwaukee

county for personal injuries, which on October 9, 1916, resulted in a verdict for the plaintiff in that action in the sum of $575. Both parties served and filed the usual motions after verdict, and after several adjournments the various motions were argued and submitted. On January 16, 1917, the court ordered judgment for the plaintiff in that action on the verdict. On January 18, 1917, judgment was entered for $631.39 damages and costs. On January 31, 1917, the defendant in that action, respondent here, sued out a writ of *certiorari,* alleging in its petition that the case was finally submitted to the court on December 2, 1916, and that no decision was rendered until January 18, 1917, that the failure of the court to render its decision within ten days worked a loss of jurisdiction, and that therefore the judgment entered was null and void. Upon the return of the clerk the appellant made a motion to quash the writ. The motion was denied, the circuit court holding that the civil court had lost jurisdiction, and an order was entered in the circuit court setting aside the judgment of the civil court in the personal injury action. From such judgment this appeal is taken. Other facts are stated in the opinion.

For the appellant there was a brief by *Lorenz & Lorenz* of Milwaukee, and oral argument by *Leroy B. Lorenz.*

For the respondent there was a brief by *Bottum, Bottum, Hudnall & Lecher,* and oral argument by *Harold W. Connell* and *George B. Hudnall,* all of Milwaukee.

ROSENBERRY, J. Appellant claims that the judgment should be reversed for two reasons: (1) The record does not show when the cause was submitted to the court, and therefore the record fails to disclose a loss of jurisdiction and the judgment in the civil court should be held valid. (2) The provision of the Civil Court Law to the effect that causes must be decided within ten days after submission is not mandatory, and that the failure of the court to enter judgment within

ten days did not deprive the court of jurisdiction.    The civil court docket contains the following entries:

Nov. 13.  Filed, defendant's motions after verdict before the Hon. CARL RUNGE, Judge, on November 18, 1916.

[Here follow various motions of defendant. Then:]

If all of the foregoing motions be denied, the defendant moves for a new trial upon the following grounds, viz.: because the verdict is contrary to the evidence, and because the damages are excessive.

Service admitted by attorneys for plaintiff on November 13, 1916.

1917.

Jan. 16.  The court now, having had this matter under advisement and being well and sufficiently advised in the premises, finds and orders as follows: Each and all of the motions being numbered 1 to 6, both inclusive, in the defendant's notice of motion in the above entitled action is and are denied and the motion of the plaintiff for an order that judgment be entered upon the special verdict in favor of the plaintiff and against the defendant for the sum of $575 is granted.    Let judgment be entered accordingly, with costs.

1. We are of the opinion that the docket, which shows that the motions were filed on or prior to November 18, 1916, and that no decision was rendered until January 16, 1917, shows with sufficient certainty that the action had been submitted to the trial court and that more than ten days had elapsed, and that evidence cannot be received to impeach the record collaterally.

2. Sec. 21 of the Civil Court Act provides:

. . . "A judgment in all actions, motions and proceedings must be rendered by the court within ten days after the same has been finally submitted."

The Civil Court Act is ch. 549 of the Laws of 1909, as amended by ch. 425 of the Laws of 1911.

It is contended by respondent that the statute is mandatory and that the failure of the court to file its decision within ten days after the case was finally submitted deprived the court of jurisdiction to proceed further in the matter, citing *Roberts v. Warren,* 3 Wis. 736, and a long line of cases construing statutes relating to proceedings in justices' courts, and that the word "must" in the statute is mandatory, citing *Hodecker v. Hodecker,* 39 App. Div. 353, 56 N. Y. Supp. 954; *People v. Thomas,* 32 Misc. 170, 66 N. Y. Supp. 191; *McNamara v. Spees,* 25 Wis. 539, and that proceedings in the civil court are by the terms of the act to be governed by the statutes relating to courts of justices of the peace and proceedings therein, and that therefore the civil court lost jurisdiction under the facts and circumstances established in this case.

It may be conceded that the statute in question is mandatory in form; but does it necessarily follow from this that the failure of the court to comply with the statute results in loss of jurisdiction and thereby penalizes the parties to the action by throwing them out of court?

In the construction of statutes the primary question is, What was the legislative intent? *State ex rel. Husting v. Board of State Canv.* 159 Wis. 216, 150 N. W. 542; *Dagan v. State,* 162 Wis. 353, 156 N. W. 153.

To go the length of holding that by the statute in question the legislature intended that the court should lose jurisdiction by its failure to enter judgment within ten days after the case was finally submitted, is not only highly technical, but is contrary to the clear legislative policy of the state as set forth in secs. 3072*m,* 2858*m,* and 2405*m,* Stats. By these and other enactments the legislature has endeavored to simplify procedure, prevent delay, and secure justice in the administration of the law. By the language of the statute

State ex rel. Milwaukee Northern R. Co. v. Delaney, 166 Wis. 141.

in question the duty of entering judgment within ten days is imposed upon the trial court, but we cannot believe that the legislature intended that in cases like this, where compliance with the statute was practically impossible, the failure of the court to so enter judgment should result in a loss of jurisdiction with the consequent delay and unnecessary expense to litigants. If the legislature intended such a result it should have indicated it by clear and unmistakable language, and no doubt under the legislative policy which now prevails, had such a result been intended such language would have been used. Certainty in the law is highly desirable, but if by certainty is meant the dogmatic application of rules of construction which results in defeating the primary purpose in the administration of all law, that is, the doing of justice, uncertainty is to be chosen rather than injustice. Early decisions construing the laws relating to procedure in justices' courts were highly technical, and, while they stand as the law of the state, the doctrine of these cases should not apply to laws such as that creating the civil court of the county of Milwaukee.

*By the Court.*—Judgment reversed, with directions to enter judgment for the defendant dismissing the proceeding.