Wickhem, J.
 

 Appellant entered into a written contract to build an office building for respondent according to specifications submitted before the bid. The contract was supplemented by printed standard general conditions which were made a part of the contract. By the terms of the contract the owner was to pay each month during the construction of the building—
 

 “85 per cent of the value, based on the contract prices, of labor and materials incorporated in the work and of materials suitably stored at the site thereof up tO' the . . . day of that month, as estimated by the architect, less the aggregate of previous payments; and upon substantial completion of the entire work, a sum sufficient to increase the total payments to 85 per cent of the contract price. . . .”
 

 The contract also provided,—
 

 
 *326
 
 “Final payment shall be due 30 days after substantial completion of the work provided the work be then fully completed and the contract fully performed. Upon receipt of written notice that the work is ready for final inspection and acceptance, the architect shall promptly make such inspection, and when he finds the work acceptable under the contract and the contract fully performed he shall promptly issue a final certificate, over his own signature, stating that the work provided for in this contract has been completed and is accepted by him under the terms and conditions thereof. . . .”
 

 The general conditions made a part of the contract provide that—
 

 “Neither the final certificate nor payment nor any provision in the contract documents shall relieve the contractor of responsibility for faulty materials or workmanship and, unless otherwise specified, he shall remedy any defects due thereto and pay for any damage to other work resulting therefrom, which shall appear within a period of one year from the date of substantial completion. The owner shall give notice of observed defects with reasonable promptness. . . .”
 

 In July, 1941, when the building was thought to be substantially completed and was inspected by the owner and architect, more than ninety per cent of the contract price had been paid. Due to the claim that the contractor had failed in numerous respects to comply with the plans and specifications, the architect withheld the final certificate of completion and this certificate has not been delivered to the contractor up to the present time. The disputes went to arbitration in accordance with the contract and arbitrators were selected. There is no attack upon the regularity of the proceedings leading to the appointment of the arbitrators and so these need not be detailed.
 

 In the hearing before the arbitrators respondent filed thirty-two separate specifications of respects in which the contractor had failed to carry out the contract and the latter answered
 
 *327
 
 these and filed separate specifications, one of which was the following:
 

 “Interest on the money retained more than 30 days after they occupied the building. We will show letters how for at least nine months we have asked to have this arbitrated in order to settle these matters and our requests have been ignored.”
 

 On August 29, 1942, the arbitrators filed their findings as thirty-four distinct awards and added a summarized award. In these awards the contractor was given the option of making corrections noted in certain findings or to accept deductions fixed by the arbitrators in lieu thereof. He accepted the latter course.
 

 In respect of interest, the following award was made :
 

 “The board awards the contractor interest at the rate of 6% per annum on the balance due him, less amount retained for defective work, as shown on .summary, from date of Oct. 5, 1941, to time of final payment.”
 

 The motion for confirmation of the award followed on May IS, 1943. Though dissatisfied with the award, the owner did not object to its confirmation except for the item of interest which it asserted was beyond the scope of the arbitration and in direct conflict with the provisions of the contract.
 

 Only one question is before us and that is whether the trial court properly struck the item of interest from the award. This calls for an examination of the statutes in order to ascertain just what jurisdiction the trial court had over the award. Sec. 298.09, Stats., provides that—
 

 “At any time within one year after the award is made any party to the arbitration may apply to the court in. and for the county within which such award was made for an order confirming the award, and thereupon the court must grant such
 
 *328
 
 an order unless the award is vacated, modified or corrected as prescribed . . . [by secs. 298.10 and 298.11].”
 

 Sec. 298.10, Stats., provides the conditions under which the award may be vacated and sec. 298.11 provides the conditions under which it may be modified. Since this award was not vacated, it is obvious that only sec. 298.11 applies.
 

 Sec. 298.11 (1), Stats., provides as follows :
 

 “(1) In either of the following cases the court in and for the county wherein the award was made must make an order modifying or correcting the award upon the application of any party to the arbitration:
 

 “(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award;
 

 “(b) Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted;
 

 “(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.”
 

 It is clear to us that none of these contingencies are present here. The most that can be contended is that the arbitrators made an error of fact or law in awarding interest to the contractor in view of the contract and surrounding circumstances. But this is not a ground for vacating or modifying the award. It was said in
 
 Travelers Ins. Co. v. Pierce Engine Co.
 
 141 Wis. 103, 108, 123 N. W. 643 :
 

 “There is no allegation in the answer and no proof offered that the arbitrator-was guilty of any fraudulent or arbitrary action or fell into- mistake in any other sense than that it is claimed he decided erroneously as to certain contentions urged by defendant. But such a submission to arbitration as we have determined this to be confers just that jurisdiction to decide erroneously, if honestly, and to bind the parties to such determination by force of their agreement to be so bound.”
 

 
 *329
 
 We are of the view, therefore, that the trial court had no jurisdiction to upset this award. As said in
 
 Putterman v.
 
 Schmidt, 209 Wis. 442, 451, 245 N. W.
 
 78:
 

 “And that there was no such mistake as will upset an award is also clear. Mistakes of judgment, mistakes of either fact or law, are not ground for review of or setting aside an award. 2 Ruling Case Law, p. 392. ‘Such errors are among the contingencies which parties assume when they select such tribunals.’ 5 Corp. Jur. p. 179. The mistakes that will void an award are those appearing on its face or gross mistakes of the arbitrators éxtraneously appearing as to their powers or duties, which result in real injustice or constructive fraud. 2 Ruling Case Law, p. 392. The mistake must so mislead the arbitrators that they did not apply the rules which they intended to apply, ‘so that upon their own theory a mistake was made which has caused the result to be something different from that which they had reached by their reason and judgment.’ 5 Corp. Jur. p. 180. The record here does not disclose any such mistake.”
 

 The interest item was included in the specification submitted to the arbitrators. The arbitrators made an award based upon this specification. It is immaterial under the foregoing decisions whether this award was erroneous. There was no attempt to set aside the award as a whole for any of the reasons outlined in the above decisions, and no ground for modification within the calls of sec. 298.11, Stats. It follows that the trial court was in error in sinking the item of interest from the award.
 

 By the Court.
 
 — The portion of the order appealed from is reversed, and cause remanded with directions to affirm the award of the arbitrators.