Barlow, J.
 

 It is undisputed that on April 20, 1942, Joseph S. Smader, an office employee of the Dumore Com
 
 *309
 
 pany for twenty-one years, was notified that his employment would be terminated on June 20, 1942. He was permitted to seek other employment during regular working hours, which he did without loss of pay, and was paid the regular bonus to employees to the date his services were discontinued, and given an additional $55 as vacation allowance. For a period of sixty months prior to June 20, 1942, Smader was paid $55 each week for his services. He now claims unemployment benefits.
 

 The pertinent statute is sec. 108.04 (5) (d), Stats. 1941, which provides as follows :
 

 “(d) An employee shall not be eligible for benefits from a given employer’s account for any given week, if he has been regularly employed and paid by the employer, for at least ten out of the past twelve calendar months (completed by the close of the employee’s most recent week of employment by the employer),
 
 on a fixed monthly salary basis, payable monthly or semimonthly,
 
 under which the employer (whether or not he had work available for the employee) paid him a fixed salary of two hundred dollars or more for (and within fifteen days after the close of) each of the ten months in question.”
 

 The first statute barring employees paid on a fixed monthly salary basis from unemployment compensation benefits was passed in 1935 as sec. 108.04 (4m) (g), later being renumbered sec. 108.04 (5) (d), and as amended is the statute governing this case. In 1937 the legislature passed ch. 343, Laws of 1937, sec. 108.04 (5) (e), Stats., which barred employees from unemployment compensation benefits if they were regularly employed for at .least forty-five out of fifty-two weeks on a fixed weekly salary basis where the fixed salary was $35 or more per week. By ch. 186, Laws of 1939, sec. 108.04 (5) (e) was repealed, and sec. 108.0,4 (5) (d) was amended by increasing the fixed monthly salary of barred employees from $150 to $200 per month, thus making employees on a weekly salary basis eligible for unemployment compensation benefits irrespective of the amount of weekly
 
 *310
 
 salary received and the period for which it was received during any year of employment. From this it is evident that the legislature in three successive sessions gave consideration to the salary basis of employees and at time since 1939 did they see fit to bar an employee from unemployment compensation benefits who was employed on a weekly salary basis.
 

 Appellant strenuously contends that in interpreting the statute in question we must look to the purpose of the law and facts surrounding the employment. From all of the facts, this appellant had a fixed or guaranteed salary payable irrespective of whether the employer had work available for the employee or not, and he received in excess of $200 per month. It is plausibly argued that it was to the benefit of the employee to receive his pay weekly, but we cannot say that the legislature was without authority to classify employees who' should receive the benefits and those who' should be barred from the benefits, if the classifications are reasonable. This employer had various types of employees; all were paid on a weekly basis. It had the privilege of placing this employee and others in like employment on a monthly salary basis if it saw fit to do so and pay them on a monthly or semimonthly basis. It failed to bring itself within the provisions of the statute.
 

 In
 
 Burgess v. Dane County
 
 (1912), 148 Wis. 427, 435, 134 N. W. 841, this court said:
 

 “Where there is no ambiguity or doubt as to the meaning of the language used there is no room for construction, and . . . the court must give effect to the plain intent and language of a writing no matter what the result may be.”
 

 And in
 
 State ex rel. Milwaukee Northern R. Co. v. Delaney
 
 (1917), 166 Wis. 141, 144, 164 N. W. 825, it is said:
 

 “In the construction of statutes the primary question is, What was the legislative intent?”
 

 There is no ambiguity or doubt as to the meaning of the language used in this statute. Counsel does not question what
 
 *311
 
 the legislature meant when it used the words “fixed monthly-salary basis.” It certainly does not mean a fixed weekly salary basis, and even though it may reasonably be contended that this employee received all the benefits he would have received if employed on a fixed monthly salary basis, still he was not so employed. It cannot well be said that there is any question about the legislative intent. The subject matter was before the legislature a number of times and they acted upon it.
 

 It is contended that the legislature cannot make classifications of persons, occupations, or industries unless they are based on reasonable differences or distinctions which distinguish the members of one class from those of another in respects germane to some general and public purpose or object of the particular legislation, and that the statute in question is therefore unconstitutional.
 
 Christoph v. Chilton
 
 (1931), 205 Wis. 418, 237 N. W. 134. Unemployment compensation benefits are a comparatively new social and economic development, and it is only in recent years that data has been available upon which sound legislation could be based. The numerous changes in the law made by the legislature each session are all a part of the general effort to obtain a sound and workable law. It is considered that there is a clear distinction between persons employed on a fixed monthly salary basis and those employed on a fixed weekly salary basis or some other fixed salary basis, and that a classification by the legislature of persons employed on a fixed monthly salary basis is not in violation of any constitutional provision.
 

 By the Cotort.
 
 — Judgment affirmed.