MILWAUKEE POLICE ASSOCIATION, and another, Appellants, v. CITY OF MILWAUKEE, and another, Respondents.

Supreme Court

*No. 77–116.  Argued September 11, 1979.—
Decided November 6, 1979.*
(Also reported in 285 N.W.2d 133.)

For the appellants there was a brief by *Kenneth J. Murray,* attorney, and *Laurie Ann Eggert,* of counsel, both of Milwaukee, and oral argument by *Mr. Murray.*

For the respondents the cause was argued by *John F. Kitzke,* assistant city attorney, with whom on the brief was *James B. Brennan,* city attorney.

CONNOR T. HANSEN, J. The Milwaukee Police Association filed a grievance on behalf of Rosalie Valdes against the City of Milwaukee and its Chief of Police alleging that Officer Valdes was improperly denied the opportunity to work on a particular day and requesting reinstatement of pay. This grievance was denied and the matter went to arbitration.

There is no material issue of fact. Officer Valdes usually worked days and reported to work at the Youth Aid Bureau. Her working schedule was revised for two days in October, 1975, so that she could guard a female prisoner temporarily admitted to Milwaukee County Hospital pending the prisoner's court appearance. This assignment required the officer's presence at the hospital from 4 p.m. until 12 midnight. He usual work assignment was from 8 a.m. until 4 p.m.

The factual situation which presents the issue in the case relates to the work assignment on Saturday, October 25, 1975. At approximately 4 p.m. on Friday, Officer Valdes was notified of the possibility that the female prisoner might be taken to court on Saturday, which would obviate the need for her working the 4 p.m. to 12 midnight shift. She was given the opportunity to come to work at 8 a.m. on Saturday on an overtime basis, and to remain until it had been determined whether she would be needed at the hospital. Due to personal plans, she decided to report at 4 p.m., the previously scheduled reporting time for this special assignment. At about 1 p.m. on Saturday, she was notified that she would not be required to guard the female prisoner at the hospital. Therefore, she reported at the Youth Aid Bureau, her normal working location, at approximately 3:45 p.m. The Youth Aid Bureau normally closed at 4 p.m. on Saturdays, so she was not allowed to work. She had worked on Youth Aid Bureau activities after 4 p.m. on Saturdays in the past and had current assignments that she could have worked on. Also, she informed the sergeant that she was available to work on any assignment, but she was not assigned.

The collective bargaining agreement between the City of Milwaukee and the Milwaukee Police Association provided in Part II, Section C, entitled MANAGEMENT RIGHTS:

"2. The City and the Chief of Police have the exclusive right and authority to schedule overtime work as required in the manner most advantageous to the City. The City and the Chief of Police shall have the sole right to authorize trade-offs of work assignments.

" . . .

"5. The City and the Chief of Police shall determine work schedules and establish methods and processes by which such work is performed."

Schedule A of the agreement contained a section entitled "OVERTIME" which provided in part:

"2. All overtime shall be at the option of the Chief of Police and shall be compensated for in cash or compensatory time off in a manner deemed most practical by the Chief of Police."

At the arbitration hearing, the City of Milwaukee challenged the jurisdiction of the arbitrator to hear the matter, contending that the dispute was neither grievable nor arbitrable. A bench decision relative to the city's objection was requested and the arbitrator held that the matter was appropriately before him for determination on the merits. At that point, the representatives of the city physically withdrew from the proceedings, indicating an intention to ultimately take the matter to court under Chapter 227 of the Wisconsin statutes. The hearing was continued without the further participation of the city.

In making the ultimate award, the arbitrator recognized that the Chief of Police had wide discretion in scheduling employees for work, but that he had a duty to schedule work in a reasonable manner under the collective bargaining agreement. Reviewing the evidence, the arbitrator held that the city did not exercise its work scheduling discretion in a reasonable manner under the terms of the agreement.

The arbitrator awarded that:

"(1) The Arbitrator was correct on August 31, 1976, in ruling that he had the authority to hear the case, and to render a decision and an award on the merits of the grievance.

"(2) The City violated the collective bargaining agreement of the parties when it unreasonably failed to properly schedule the Grievant for work on October 25, 1975, and in ultimately not allowing her to work her regular shift on that day.

"(3) The remedy ordered is that the Grievant be reimbursed for lost wages for the 4:00 PM to 12:00 PM shift on October 25, 1975; the amount of wages should be be [sic] computed just as if she had actually worked the shift."

The Milwaukee Police Association and Rosalie Valdes later filed a motion in circuit court to confirm the award of the arbitrator. The City of Milwaukee and the Chief of Police responded by filing a motion to dismiss the action on the ground that the action failed to state a claim upon which relief could be granted.

Subsequently, a check in the amount of one day's pay was issued to Rosalie Valdes and was mailed to her home by first class mail.

The motions came on for hearing and the trial court held that sec. 298.05, Stats.,[1] gave it the authority to hear the motion to dismiss, and held that the issue was moot if the award had been paid and the court could not make decisions on moot issues. An order was thereupon entered dismissing the action on its merits.

The Milwaukee Police Association and Rosalie Valdes bring this appeal which, in our opinion, presents the following issues:

1. Must the circuit court confirm an arbitration award upon the motion to a party brought pursuant to sec.

[1] "298.05 **Court procedure.** Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."

298.09, Stats., when no motion to vacate or modify is brought pursuant to sec. 298.10 or sec. 298.11?

2. Is the issue presented by an application for confirmation of an arbitrator's award pursuant to sec. 298.09, Stats., mooted by payment of the amount specified in the award as the remedy?

Appellants first contend that the circuit court had no jurisdiction to entertain a motion to dismiss the application for confirmation of the arbitration award, but was required to confirm the award under sec. 298.09, Stats., since no motion to vacate, modify or correct the award had been brought.

Section 298.09, Stats., provides:

"298.09 **Court confirmation award, time limit.** At any time within one year after the award is made any party to the arbitration may apply to the court in and for the county within which such award was made for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in the next two sections. Notice in writing of the application shall be served upon the adverse party or his attorney 5 days before the hearing thereof."

No motion to vacate, modify or correct the award was made by respondents. The only motion respondents made was a motion to dismiss. Thus, the posture of this case required that the circuit court confirm the award.

■

"In construing a statute, the primary source used is the language of the statute itself. *Nekoosa-Edwards Paper Co. v. Public Service Commission,* 8 Wis.2d 582, 591, 99 N.W.2d 821 (1959)." *Wis. Environmental Decade v. Public Service Comm.,* 81 Wis.2d 344, 350, 260 N.W.2d 712 (1978).

■

The language of sec. 298.09, Stats., is clear. Upon an application for an order confirming an arbitration award,

"the court *must* grant such an order unless the award is vacated, modified or corrected. . . ." (Emphasis supplied.) The word "must" in a statute is mandatory. *State ex rel. Milwaukee Northern R. Co. v. Delaney,* 166 Wis. 141, 144, 164 N.W. 825 (1917). Thus, in the absence of a motion to vacate, modify or correct, the circuit court had no choice but to confirm the award.

Furthermore, regardless of how the motion of the respondents is denominated, mootness is not one of the grounds upon which a circuit court must vacate or modify an award under sec. 298.10 or sec. 298.11, Stats.

Section 298.10, Stats., provides:

". . . **Vacation of award, rehearing by arbitrators.** (1) In either of the following cases the court in and for the county wherein the award was made must make an order vacating the award upon the application of any party to the arbitration:

"(a) Where the award was procured by corruption, fraud or undue means;

"(b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them;

"(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;

"(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"(2) Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."

Section 298.11, Stats., provides:

". . . **Modification of award.** (1) In either of the following cases the court in and for the county wherein

the award was made must make an order modifying or correcting the award upon the application of any party to the arbitration:

"(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award;

"(b) Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted;

"(c) Where the award is imperfect in matter of form not affecting the merits of the controversy."

"(2) The order must modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

Where none of the conditions prescribed by secs. 298.10 and 298.11, Stats., as grounds for vacating or modifying an award are present, the trial court has no jurisdiction to vacate, modify or correct an award. *Standard Construction Co. v. Hoeschler*, 245 Wis. 316, 321, 14 N.W.2d 12 (1944).

The court has stated:

"Ordinarily, the award of an arbitrator is subject to only limited judicial review. The court to which an award is returned may generally modify the award only on the grounds specified by statute. 6 C.J.S. *Arbitration*, sec. 168, pp. 438–440. . . ." *McKenzie v. Warmka*, 81 Wis.2d 591, 603, 260 N.W.2d 752 (1978).

". . . An award will be set aside only upon a showing that one of the statutory grounds for vacation exists. . . ." *Richco Structures v. Parkside Village, Inc.*, 82 Wis.2d 547, 553, 263 N.W.2d 204 (1978).

Therefore, the circuit court had no jurisdiction to dismiss the application for an order confirming the award.

The circuit court relied on sec. 298.05, Stats., as a basis for its authority to hear the motion to dismiss. Sec. 298.01 provides in part that:

". . . the provisions of this chapter shall not apply to contracts between employers and employes, or between employers and associations of employes, except as provided in section 111.10 of the statutes."[2]

However, the parties have incorporated certain sections of Chapter 298 in their collective bargaining agreement. Section H of Part III, section II, GRIEVANCE ARBITRATION, of the agreement provides in part:

". . . The arbitration award shall be reduced to writing, subject to Sections 298.08 through and including 298.15 of the Wisconsin Statutes. All other sections and provisions of Chapter 298 are hereby expressly negated and of no force and effect in any arbitration under this Agreement."

Therefore, sec. 298.05, Stats., had no effect on the instant arbitration and could not give the trial court authority to hear the motion to dismiss the application for an order confirming the award.

Appellants also contend that they are entitled to confirmation of the award even though the city paid the monetary remedy, because the significance of the award is not limited to that remedy alone.

This court has consistently adhered to the rule that a case is moot when a determination is sought upon some matter which, when rendered, cannot have any practical legal effect upon a then existing controversy. *State ex rel. Clarke v. Carballo,* 83 Wis.2d 349, 356, 265 N.W.2d 285 (1978) ; *Racine v. J-T Enterprises of America, Inc.,* 64 Wis.2d 691, 700, 221 N.W.2d 869 (1974) ; *State ex rel.*

---

[2] Sec. 111.10, Stats., sets forth the procedure whereby parties to a labor dispute may agree to arbitration.

*Hernandez v. McConahey,* 42 Wis.2d 468, 471, 167 N.W.2d 412 (1969) ; *Fort Howard Paper Co. v. Fort Howard Corp.,* 273 Wis. 356, 360, 77 N.W.2d 733 (1956) ; *Thoenig v. Adams,* 236 Wis. 319, 322, 294 N.W. 826 (1940).

The arbitration award in the instant case stated:

"(1) The Arbitrator was correct on August 31, 1976, in ruling that he had the authority to hear the case, and to render a decision and an award on the merits of the grievance.

"(2) The City violated the collective bargaining agreement of the parties when it unreasonably failed to properly schedule the Grievant for work on October 25, 1975, and in ultimately not allowing her to work her regular shift on that day.

"(3) The remedy ordered is that the Grievant be reimbursed for lost wages for the 4:00 PM to 12:00 PM shift on October 25, 1975; the amount of wages should be be [sic] computed just as if she had actually worked the shift."

The monetary remedy awarded to the grievant was only part of the arbitration award. In addition to reimbursement of wages, the award determined that the contract gave the arbitrator the authority to hear the dispute and render a decision. It also determined that in this particular instance the conduct of the respondents violated the collective bargaining agreement. Thus, it cannot be said the matter before the trial court was moot, since confirmation of the award would have a "practical legal effect" upon the dispute between the parties. *Moreover,* confirmation by the trial court is the *only* way in which the arbitrator's decision concerning the violation of the collective bargaining agreement could have an effect upon the parties, since failure to confirm the award renders the entire arbitration proceeding a nullity. *Pick Industries, Inc. v. Gebhard-Berghammer, Inc.,* 264 Wis. 353, 357b, 59 N.W.2d 798, 60 N.W.2d 254 (1953).

At oral argument the respondents argued that if we were to order that the arbitrator's award be confirmed, the appellant, Valdes, would be entitled to recover the monetary portion of the award twice because the city had already paid that obligation. We are not impressed with that argument. The arbitrator ordered reimbursement for "lost wages for the 4:00 PM to 12:00 PM shift on October 25, 1975; . . ." If the city paid the sum subsequent to the arbitration award, that portion of the award has been fully satisfied.

The order of the trial court is reversed and the cause remanded with directions to enter an order confirming the arbitration award.

*By the Court.*—Reversed and remanded.