MILWAUKEE POLICE ASSOCIATION, and another, Respondents, v. CITY OF MILWAUKEE, and another, Appellants.

Supreme Court

*No. 77–117. Argued September 11, 1979.—*
*Decided November 6, 1979.*
(Also reported in 285 N.W.2d 138.)

For the appellants the cause was argued by *John F. Kitzke,* assistant city attorney, with whom on the briefs was *James B. Brennan,* city attorney.

For the respondents there was a brief and oral argument by *Kenneth J. Murray* of Milwaukee.

CONNOR T. HANSEN, J. Bernhard R. Molter, a police officer in the Milwaukee police department, filed a grievance against the City of Milwaukee and the Chief of Police claiming that an inquiry and subsequent sus-

pension from work violated the collective bargaining agreement, and requesting that charges be cleared from his personnel record and that he be compensated for the four days' pay which he lost while suspended. This grievance was denied and the matter proceeding to arbitration.

The record before us contains the following facts, none of which appear to be disputed, and which resulted in the disciplinary action against Molter.

On January 18, 1976, Officer Bernhard R. Molter was off duty and was with his children sled riding in Dretzka Park when a boy started kicking his daughter's sled and told her and her friend to get their "god dam" [sic] sled out of here. His daughter came to him and told him what had happened. Molter confronted the boy and asked him why he was kicking at the girls. The boy stated that he didn't kick the "god dam" [sic] kids. Molter grabbed the boy by the front of the jacket and slapped him on the side of the mouth with his hand which had a mitten on it. Molter initially had been under the impression that the two boys involved in the incident had kicked his daughter and another girl who was sledding with her. After the incident with the boy, Molter determined after questioning his daughter further that the boy had not kicked either of the two girls, but had kicked at their sled. He also learned that his daughter had initially responded to the two boys with profanity when the boys told the girls to get their sled out of the way. After learning this, Molter also slapped his daughter with his mitten.

On February 3, 1976, Molter was notified that the Milwaukee Police Department Board of Inquiry had found him guilty of a violation of Rule 29, Sec. 12. As a result, Molter was suspended without pay for four days.

Rule 29, Section 12 provided:

". . . Courtesy and civility toward the public are demanded of all members of the Department and any con-

duct to the contrary shall not be tolerated. Members in their conduct and deportment shall be quiet, civil and orderly, and shall at all times be attentive and zealous in the discharge of their duties, controlling their tempers and exercising the utmost patience and discretion. They must at all times refrain from using coarse, violent, profane or insolent language, but when required must act with firmness and sufficient energy to perform their duties. They shall be civil and respectful toward each other."

At the arbitration hearing, the City of Milwaukee moved that the grievance be dismissed on the basis that it did not concern a matter affecting wages, hours or conditions of employment, but it involved the application of a rule applicable to an employee while he was off duty. The city also moved for dismissal on the grounds that the grievance did not specify a provision of the agreement which the union contended was violated other than the section referring to hours of work, which the city contended was not violated.

The arbitrator dismissed the motions and held that the actions of the grievant were not of such nature, severity or potential public notice that they would fall within that area over which the employer had a right to exercise control. The arbitrator also held that the incident could not logically be expected to have an effect on the employer's affairs, but was more in the form of a family or private matter.

The arbitrator awarded that the grievance be sustained and that the grievant be made whole for all lost wages and that the incident be cleared from his personnel record.

The Chief of Police, in compliance with the award, ordered that the loss of four days' pay due to the suspension and loss of four days of service be restored pursuant to Order No. 7366. The grievant was paid the lost wages. The official Milwaukee police department personnel record had the charge against Molter cleared

by entering the statement contained in the order of the Chief of Police setting forth the above charge was appealed before a grievance arbitrator and it was ordered by the arbitrator that the grievance be sustained and grievant made whole for all his lost wages and the record be cleared.

The Milwaukee Police Association and Bernhard R. Molter later filed a motion in circuit court to confirm the award of the arbitrator. The appellants, the City of Milwaukee and the Chief of Police, responded by filing a motion to dismiss.

The circuit court ultimately ordered that the award be confirmed and judgment was entered providing that the grievance be sustained, that the grievant be made whole for lost wages and days of service, and that the incident be cleared from his personnel record.

The City of Milwaukee and the Chief of Police appeal, and in doing so argue (1) that the trial court did not have jurisdiction to enter judgment confirming the award because the award had been complied with, and (2) that the trial court erred in holding that it must confirm an arbitration award under sec. 298.09, Stats., when no motion to vacate, modify or correct was brought under sec. 298.10 or sec. 298.11.

Appellants contend that the circuit court exceeded its jurisdiction in confirming the award, since there was nothing to be reviewed by the court and the case was moot after the grievant was paid for the four days lost and the record was cleared. Respondents, on the other hand, contend that the question is not moot since the arbitration award has not been fully complied with.

It has been consistently held by this court that a case is moot when a determination is sought upon some matter which, when rendered, cannot have any practical legal effect upon a then existing controversy.

*State ex rel. Clarke v. Carballo,* 83 Wis.2d 349, 356, 265 N.W.2d 285 (1978); *Racine v. J-T Enterprises of America, Inc.,* 64 Wis.2d 691, 700, 221 N.W.2d 869 (1974); *State ex rel. Hernandez v. McConahey,* 42 Wis. 2d 468, 471, 167 N.W.2d 412 (1969); *Fort Howard Paper Co. v. Fort Howard Corp.,* 273 Wis. 356, 360, 77 N.W.2d 733 (1956); *Thoenig v. Adams,* 236 Wis. 319, 322, 294 N.W. 826 (1940).

After the arbitrator rendered his award the grievant received the pay he had lost and the police department entered the following to the grievant's personnel file:

"1–12–77 Above charge appealed before a grievance arbitrator & it was ordered by the arbitrator that the grievance be sustained and that the grievant be made whole for all lost wages & that the incident be cleared. Therefore, the loss of 4 days pay due to the suspension & the loss of 4 days of service is restored. Order 7366"

Although appellants may have complied with the remedial directions of the arbitration award, it cannot be said that confirmation of the award would have no "practical legal effect" on the parties. The arbitrator's award was based upon his interpretation of the collective bargaining agreement—an interpretation which the parties bargained for. Since the "entire arbitration proceedings" are a nullity unless the award is confirmed, *Pick Industries, Inc. v. Gebhard-Berghammer, Inc.,* 264 Wis. 353, 357b, 59 N.W.2d 798, 60 N.W.2d 254 (1953), this interpretation of the agreement by the arbitrator is of no legal effect in the absence of confirmation.

Still pursuing the same rationale, the appellants argue that because they had complied with the remedial direction of the award, the circuit court committed error in finding that the award must be confirmed under sec. 298.09, Stats., unless the award is vacated, modified or corrected under secs. 298.10 and 298.11.

This argument was considered in *Milwaukee Police Asso. v. Milwaukee*, 92 Wis.2d 175, 285 N.W.2d 133 (1979), and *Milwaukee Police Asso. v. Milwaukee*, 92 Wis.2d 145, 285 N.W.2d 119 (1979), both cases being mandated of even date herewith.

Those two cases point out that there is no requirement in Chapter 298 of the statutes that either party to an arbitration proceeding pursue the award to a judicial determination. The parties to an arbitration may accept the award or presumably agree upon some other settlement after the award has been made.

However, sec. 298.13, Stats., provides that a party wishing to initiate proceedings to vacate, modify or correct an award must do so within three months of the award.

Sec. 298.09, Stats., also provides that if a party to an arbitration wishes to have the award confirmed, such can be accomplished by applying to the court for an order of confirmation within one year after the award. The court to which the application for confirmation is made must thereupon confirm the award unless the award is vacated, modified or corrected, as provided in secs. 298.10 and 298.11. The defenses listed in secs. 298.10 and 298.11 can be asserted in response to an application to confirm an award under sec. 298.09 without regard to the three-month time limitation of sec. 298.13.

The judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed.

SHIRLEY S. ABRAHAMSON, J. *(concurring).* As I explained in my dissent in *Milwaukee Police Asso. v. Milwaukee*, 92 Wis.2d 145, 165, 285 N.W.2d 119 (1979), I believe the majority errs in concluding that "The de-

fenses listed in secs. 298.10 and 298.11 can be asserted in response to an application to confirm an award under sec. 298.09 without regard to the three-month time limitation of sec. 298.13."

I am authorized to state that Mr. Justice DAY joins in this concurring opinion.