**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 13, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP1166**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015ME2083

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE COMMITMENT OF K.M.:


MILWAUKEE COUNTY,

     PETITIONER-RESPONDENT,

  V.

K.M.,

     RESPONDENT-APPELLANT.


     APPEAL from orders of the circuit court for Milwaukee County: DAVID L. BOROWSKI, Judge. *Dismissed.*

¶1    DONALD, J.[1] "Kristin"[2] appeals a WIS. STAT. ch. 51 extension order and an order denying a postdisposition motion. We conclude that Kristin's challenges are moot and decline to reach the merits.

## BACKGROUND

¶2    On April 20, 2016, the County filed a notice of motion and motion to extend Kristin's commitment. The notice stated that the court would hold a hearing on May 6, 2016 at 8:30 a.m.

¶3    The same day, the court entered an order appointing two doctors to examine Kristin. The order listed Kristin's final hearing date as May 6, 2016, but did not indicate the time of the hearing.

¶4    On May 6, 2016, at 11:00 a.m., the court called the case. Defense counsel stated his appearance:

> Matt Lynch for [Kristin]. She's not here. Your Honor, it's my understanding that she was served. I spoke to her on the phone yesterday. I'm ready to proceed.

The court responded "fine" and the hearing proceeded.

¶5    At the hearing, the County called two witnesses. The first witness, Steve Seidl, a clinical coordinator at the Whole Health Clinical Group, testified that he oversaw the "treatment team that provides services to [Kristin]." Seidl met with Kristin and reviewed records related to her treatment. Seidl testified that as a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] For ease of reading we refer to K.M. by the pseudonym used in her appellate brief.

result of the medication and housing provided, Kristin "seems fairly stable at this time in [this] particular setting." Seidl further testified that he sought recommitment because Kristin did not show insight into her illness, did not believe Whole Health was there to help her, and without a commitment, she would stop services and medications. Seidl testified that when Kristin is not on medication, she has become homeless, failed to care for herself, and has become "verbally aggressive, threatening to other people." In addition, Seidl testified that, according to her records, Kristin urinated on herself while standing on a corner and said "she was going to cut her [sister-in-law] with a knife, or slash her with a knife, something to that effect."

¶6     Dr. Charles Rainey, a forensic psychiatrist appointed by the circuit court, testified that Kristin has schizoaffective disorder and is a proper subject for treatment. Upon questioning from counsel whether there was a substantial likelihood that Kristin "would become a proper subject for commitment if the treatment were withdrawn," Dr. Rainey replied yes. Dr. Rainey explained that when Kristin's "commitment was—got dropped, she decompensated and had to be brought in on an ED, and required a court order before she would start taking medications." Counsel for Kristin did not cross-examine Dr. Rainey or call any witnesses.

¶7     After the defense rested, the circuit court stated that "[t]he County has met their burden. I'll order a twelve-month extension."

¶8     Kristin filed a postdisposition motion for relief. Her arguments included that the circuit court: (1) failed to make findings of fact or indicate how the record supported its decision; (2) violated her due process right to be present

3

and meaningfully exercise her other rights at her extension hearing; and (3) violated her statutory right to be present at the hearing.[3]

¶9    After briefing, the circuit court denied the motion in a written decision. It held that her appeal was moot because the underlying commitment order had expired. The court also rejected Kristin's arguments on the merits. Relevant to this appeal, the court found that it made the requisite findings in its written order, Kristin was personally and timely served notice of the hearing, and Kristin had the opportunity to attend the hearing.

## DISCUSSION

¶10    On appeal, Kristin contends that the circuit court violated her constitutional due process and statutory rights because she did not receive "effective notice" of the time of her hearing, the circuit court proceeded without her at the hearing, and the circuit court provided insufficient reasoning on the record and in its written order for extending her commitment. In addition, Kristin argues that the circuit court erroneously admitted hearsay evidence from Seidl regarding Kristin's behavior when she was not medicated.

¶11    The County disagrees with Kristin on the merits and contends that because the extension order underlying this appeal has expired and there have been subsequent extension orders entered that apply to Kristin, this appeal is moot.

¶12    For the reasons set forth below, we agree with the County and dismiss this appeal as moot.

---

[3] Kristin also argued that she was deprived of effective assistance of counsel. This argument is not pursued on appeal.

¶13    Mootness of a legal action or issue presents a question of law for our *de novo* review.  *See **PRN Assocs. LLC v. DOA***, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559.  An action or issue is moot when its determination "cannot have any practical legal effect upon a then existing controversy."  ***Milwaukee Police Ass'n v. City of Milwaukee***, 92 Wis. 2d 175, 183, 285 N.W.2d 133 (1979).

¶14    In ***State v. Wood***, in which a defendant who had been found not guilty by reason of mental disease or defect sought relief from an involuntary medication order, our supreme court suggested that a "live controversy" may exist when the challenged action could occur again.  *Id.*, 2010 WI 17, ¶¶1, 2, 10 n.8, 323 Wis. 2d 321, 780 N.W.2d 63.  In a footnote, the court observed:

> Neither party argues that Wood's current compliance with the oral medication regimen renders this appeal moot. Indeed, there is support in case law for the parties' apparent position that the case is not moot, given that Wood continues to suffer from paranoid schizophrenia, has shown a pattern of refusing recommended treatment, and remains in the custody of DHFS, where he is still subject to the order he challenges here should he no longer consent to voluntarily take his medication. *See **Washington v. Harper***, 494 U.S. 210, 218-19, 110 S. Ct. 1028, 108 L.Ed.2d 178 (1990) (live controversy existed even though the state had ceased administration of antipsychotic drugs to the prisoner who continued to suffer from schizophrenia, continued to remain in the prison system, and remained subject to the challenged policy); ***Vitek v. Jones***, 445 U.S. 480, 486-87, 100 S. Ct. 1254, 63 L.Ed.2d 552 (1980) (live controversy existed where, but for injunction, nothing clearly prevented the challenged action from recurring).

*Id.*, 323 Wis. 2d 321, ¶10 n.8.

¶15    Several years later, however, in ***Winnebago Cty. v. Chistopher S.***, a Chapter 51 appeal of an expired initial commitment order and medication order, our supreme court stated that "there is 'an apparent lack of a live controversy' when an appellant appeals an order to which he or she is no longer subjected."

2016 WI 1, ¶¶22, 31, 366 Wis. 2d 1, 878 N.W.2d 109 (citations omitted). Thus, the court concluded that the appeal was moot because the underlying orders had expired. *Id.,* ¶31.

¶16    Following ***Christopher S.***, our supreme court examined mootness in the context of an expired extension order. ***Portage Cty. v. J.W.K.***, 2019 WI 54, ¶1, 386 Wis. 2d 672, 927 N.W.2d 509. In ***J.W.K.***, the court reiterated that "[a]n appeal of an expired commitment order is moot" and stated that reversing the expired order would have no practical effect on the underlying controversy because J.W.K. was no longer subject to the order. ***Id.***, ¶14. The court, however, suggested that an appeal of an expired commitment might not be moot if the order subjected the individual to collateral consequences. ***Id.***, ¶28 n.11.

¶17    Subsequently, our supreme court again addressed mootness in ***Marathon Cty. v. D.K.***, 2020 WI 8, 390 Wis. 2d 50, 937 N.W.2d 901. In ***D.K.***, the court confirmed that "collateral consequences [could] render an otherwise moot issue not moot." *Id.,* ¶¶23, 25. The court further concluded that although the underlying commitment order at issue had expired, the appeal was not moot because D.K. was "still subject to the lasting collateral consequence of a firearms ban." ***Id.***, ¶25. Thus, a decision in D.K.'s favor would void the firearms ban and "have a 'practical effect'" on him. ***Id.*** The court, however, declined to address whether the collateral consequences of "costs of care" or "negative stigma" would render the same result. ***Id.***, ¶25 n.7.

¶18    Kristin argues that her appeal is not moot because: (1) the alleged due process violations in her case could recur to her thus a "live controversy remains"; and (2) the underlying extension order carries two collateral consequences—social stigma and the fact that the order could potentially be used

6

against her in other legal proceedings pursuant to WIS. STAT. § 51.30(3)(b) and (4)(b)11.

¶19     First, as noted above, our supreme court has stated that "there is 'an apparent lack of a live controversy'" when the underlying commitment order has expired and that an expired commitment order is moot.  *See **Christopher S.***, 366 Wis. 2d 1, ¶31; ***J.W.K.***, 386 Wis. 2d 672, ¶14.

¶20     Second, vacating the order in this case would not have a practical effect on Kristin.  *See **D.K.***, 390 Wis. 2d 50, ¶25.  We recognize the impact that the social stigma associated with an involuntary commitment can have on an individual.  However, at issue in this appeal is the order *extending* Kristin's commitment—not the initial commitment order.  Any social stigma Kristin would potentially endure stems from her initial commitment, not from an extension order.  Kristin has not alleged that she has suffered any particular stigma associated with the order at issue on appeal.

¶21     Moreover, Kristin ignores the fact that vacating the extension order is not the equivalent of expunging the order.  *See **Waukesha Cty. v. S.L.L.***, 2019 WI 66, ¶40, 387 Wis. 2d 333, 929 N.W.2d 140.  In other words, even if we agreed that the circuit court erred in granting the extension order and we vacated the order, the order would "still be a matter of record; it would simply have no operative effect."  *See **id***.  Further, the examining physician reports, treatment records, court files, and other records relating to any previous proceedings would still be accessible to corporation counsel and Department of Health Services Staff. *See **id***.  Thus, vacating Kristin's now-expired extension order would not have any practical effect.

¶22 Finally, Kristin argues that if her appeal is moot, it falls within an exception to the mootness doctrine. *See State v. Leitner*, 2002 WI 77, ¶14, 253 Wis. 2d 449, 646 N.W.2d 341.[4] We disagree.

¶23 "Moot cases will be decided on the merits only in the most exceptional or compelling circumstances." *City of Racine v. J-T. Enters. Of Am., Inc.,* 64 Wis. 2d 691, 702, 221 N.W.2d 869 (1974). We are not persuaded that this case presents the sort of exceptional or compelling circumstances that would warrant a decision on the merits. While Kristin alleges that her constitutional due process and statutory rights to be present were violated, her arguments ultimately turn on the specific facts surrounding the extension hearing at issue in this appeal. Kristin does not assert that the alleged violations have occurred in her later extension proceedings. Accordingly, we are not convinced that this appeal presents an issue of recurring public importance and we decline to deviate from the mootness doctrine in Kristin's appeal. *See J.W.J.,* 386 Wis. 2d 672, ¶30 (declining to apply any of the mootness exceptions to a fact-specific sufficiency of the evidence challenge).

---

[4] *State v. Leitner* states:

> [The court] will retain a matter for determination although that determination can have no practical effect on the immediate parties: Where the issues are of great public importance; where the constitutionality of a statute is involved; where the precise situation under consideration arises so frequently that a definitive decision is essential to guide the trial courts; where the issue is likely to arise again and should be resolved by the court to avoid uncertainty; or where a question was capable and likely of repetition and yet evades review because the appellate process usually cannot be completed and frequently cannot even be undertaken within the time that would have a practical effect upon the parties.

*Id.*, 2002 WI 77, ¶14, 253 Wis. 2d 449, 646 N.W.2d 341 (citations omitted).

¶24    For the foregoing reasons, we dismiss this appeal as moot.

*By the Court.*— Appeal dismissed.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)4.