COURT OF APPEALS
DECISION
DATED AND FILED

May 19, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP998**

STATE OF WISCONSIN

Cir. Ct. No. 2016CV205

IN COURT OF APPEALS
DISTRICT IV

GENERAL BEER-NORTHEAST INC.,

 PLAINTIFF-RESPONDENT,

 V.

JOHNSON DISTRIBUTING, INC.,

 DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Portage County: PATRICIA BAKER, Judge. *Affirmed*.

Before Blanchard, P.J., Fitzpatrick, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Johnson Distributing, Inc., appeals a circuit court order that denied Johnson's motion to vacate an arbitration award.  The arbitrator did not reach the merits of Johnson's dispute with General Beer-Northeast, Inc., but instead issued an award dismissing Johnson's arbitration filing on the ground that Johnson sought arbitration on an untimely basis.  Johnson argues that the circuit court was required to declare the arbitration award null and to order arbitration on the merits because General Beer failed to file a timely motion to confirm the award.  Johnson argues in the alternative that the circuit court erred by denying Johnson's motion to vacate the award because:  (1) Johnson's motion to vacate was timely; (2) the motion to vacate was filed in the proper county; and (3) the award was unjust and contrary to public policy.  We conclude that Johnson has not established that the failure of General Beer to confirm the award entitles Johnson to arbitration on the merits.  We also conclude that the motion to vacate was untimely and therefore properly denied by the circuit court.  We affirm.

¶2     In 2008, Central Waters Brewing Company entered into a distributor agreement with Johnson.  After that agreement terminated in 2016, Central Waters entered into a distributor agreement with General Beer-Northeast, Inc.  In June 2016, Johnson initiated an arbitration action to determine the amount that General Beer, as a "successor wholesaler," was obligated to pay Johnson as a "terminated wholesaler."  *See* WIS. STAT. § 125.33 (2019-20).[1]

¶3     The arbitrator addressed as his sole topic the timeliness of the arbitration action and produced an award on that topic, which was delivered to the

_____

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

parties on September 13, 2019.[2] In that award, the arbitrator dismissed the arbitration action on the ground that Johnson's arbitration filing was untimely.

¶4 On March 18, 2021, Johnson moved the circuit court to vacate the arbitration award. It argued that the award was a nullity because General Beer failed to move to confirm the award within one year. As result, Johnson argued, the court should order arbitration to proceed on the merits. In response, General Beer argued that the only way for Johnson to obtain an order for arbitration on the merits would be to establish a basis to vacate the award. It argued that Johnson's motion to vacate should be denied because it was untimely, filed in the wrong county, and failed to cite any statutory grounds that could require the court to vacate the award. The circuit court agreed with General Beer that the motion to vacate was not properly filed and on that ground denied the motion. Johnson appeals.

¶5 We first address Johnson's argument that the circuit court was required to declare the arbitration award a nullity because General Beer failed to move to confirm the award within one year under WIS. STAT. § 788.09. *See **Pick Indus. v. Gebhard-Berghammer, Inc.** (**Pick II**)*, 264 Wis. 353, 357B, 60 N.W.2d 254 (1953) (stating that, in the absence of a timely motion to confirm an arbitration award, "the stipulation to arbitrate and the entire arbitration proceedings" were null).[3] Johnson argues that, under ***Pick II***, the determination of

---

[2] The procedural history prior to the arbitrator's decision is not relevant to this appeal and therefore is not set forth in this opinion.

[3] Our supreme court issued an original opinion, ***Pick Industries v. Gebhard-Berghammer, Inc.*** (***Pick I***), 264 Wis. 353, 59 N.W.2d 758 (1953), and on a motion for rehearing the court issued a second opinion in the same case, *see **Pick Industries v. Gebhard-Berghammer, Inc.*** (***Pick II***), 264 Wis. 353, 60 N.W.2d 254 (1953).

the arbitrator that the arbitration filing was untimely is null. From that premise, Johnson contends that the circuit court was required to order the parties to proceed to arbitration on the merits.

¶6      General Beer responds that a motion to confirm an award is permissive, not mandatory. *See* WIS. STAT. § 788.09 ("At any time within one year after the award is made any party to the arbitration *may* apply to the court in and for the county within which such award was made for an order confirming the award." (emphasis added)); ***Milwaukee Police Ass'n v. City of Milwaukee***, 92 Wis. 2d 185, 191, 285 N.W.2d 138 (1979) ("[T]here is no requirement in … the statutes that either party to an arbitration proceeding pursue the award to a judicial determination. The parties to an arbitration may accept the award or presumably agree upon some other settlement after the award has been made."). General Beer argues that the only mechanism available to Johnson to have the circuit court vacate the arbitration award would be a proper motion to vacate under WIS. STAT. § 788.10, and that Johnson may not avoid the statutory requirements for vacating an arbitration award by re-casting its motion as something other than a motion to vacate.

¶7      We conclude that Johnson has not established that it is entitled to an order directing the parties to proceed with arbitration on the merits based on General Beer's failure to timely move the circuit court to confirm the award. Johnson bases its argument that it is entitled to arbitration on the merits on the statement in *Pick II* that an arbitration award is null if it was not timely confirmed. We are not persuaded that *Pick II* compels that outcome on the facts here.

¶8      The underlying litigation in the *Pick* case was initiated when Pick filed a complaint for damages against Gebhard-Berghammer in the circuit court.

4

*See* ***Pick II***, 264 Wis. at 357B. After Gebhard-Berghammer filed a counterclaim, the parties stipulated to arbitrate all of the disputes that had been the subject of the circuit court litigation to that point. ***Id.*** The arbitrator issued an award to Pick, and Pick moved to confirm the award. ***Id.*** at 357B. The parties then returned to circuit court to resolve a dispute (based on a declaratory judgment claim) as to whether the arbitration had been based on statutory or common law. *See* ***Pick Indus. v. Gebhard-Berghammer, Inc.*** (***Pick I***), 264 Wis. 353, 59 N.W.2d 798 (1953). Our supreme court ultimately stated that the arbitration was based on statute, and that Pick's motion to confirm the award was untimely under the then-version of WIS. STAT. § 298.09. ***Pick II***, 264 Wis. at 357A-357B. The ***Pick II*** court stated that, because Pick had failed to timely move to confirm the award, "the stipulation to arbitrate and the entire arbitration proceedings [were] a nullity." ***Id.*** at 375B. For that reason, the court determined that "the issues raised by the original complaint and counterclaim" in the circuit court had to "be disposed of by trial in the absence of the parties agreeing on some other method of disposition." ***Id.***

¶9      The facts are sparsely summarized in ***Pick I*** and ***Pick II***, and the court's reasoning is not robustly expressed. We are left with some uncertainty as to the scope of the rule stated by the court. However, what is reflected in those opinions is sufficient to distinguish the salient features of that case from this one, particularly since Johnson fails to show how ***Pick II*** applies here. To recap, in the ***Pick*** case the parties to an action filed in the circuit court stipulated to move their dispute from court to arbitration, and the prevailing party then failed to file a timely motion to confirm the resulting arbitration award back in the circuit court. Our supreme court determined that the stipulation to arbitrate and the entire arbitration proceedings were a nullity based on the untimely motion to confirm the

award—the parties had opted for statutory arbitration, but the prevailing party did not properly invoke the statutory option to return to the circuit court for confirmation to make the arbitration award legally binding. As a result, our supreme court determined that the parties should be returned to the positions they occupied before they stipulated to take the disputes out of circuit court and arbitrate them; that is, the parties needed to be returned to the circuit court to litigate the previously filed complaint and counterclaim. Given these dynamics, Johnson would need to provide us with an argument explaining why we should conclude that *Pick II* announced a general rule that applies on the facts of this case.

¶10     Explaining further, Johnson does not argue that it has any dispute pending in the circuit court, independent of the parties' arbitration, that should resume based on nullification of the arbitration award.[4] Rather, the dispute between the parties in this case arises from the arbitrator's sole determination that

---

[4] In addition to seeking arbitration on the merits, Johnson also appears to request, in the alternative, a trial in the circuit court or a determination of damages by this court. For example, Johnson argues in its brief that "the issues raised in the initial litigation, namely compensation, must be disposed of by trial in the absence of the parties agreeing on some other method of disposition." Johnson states that the relief it requests is "adjudication of its damages for compensation or, in the alternative, arbitration on the damages." In its reply brief, Johnson asserts that it is entitled "to pursue the compensation it is owed either in arbitration or in Court." It concludes its reply brief by asserting that it "is seeking adjudication of its damages for compensation or, in the alternative, arbitration."

Johnson does not explain its purported basis for seeking compensation under WIS. STAT. § 125.33(10) by means other than arbitration. *See* § 125.33(10)(d) ("If the parties cannot agree on the compensation due to the terminated wholesaler, upon written demand of either party, the parties shall submit their dispute for binding arbitration …."). Moreover, the scope of this appeal is limited to review of the order denying Johnson's motion to vacate the arbitration award that dismissed Johnson's filing for arbitration as untimely. To the extent that Johnson seeks relief other than an order for arbitration on the merits, we decline to consider that request on the ground that it is not sufficiently developed. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

Johnson's action for arbitration was untimely. Johnson has failed to explain why it would follow from **Pick II** and its progeny[5] that, if the entire arbitration proceedings in this matter are null, the result is that the parties must proceed to arbitration on the merits. As far as we can discern, what our supreme court intended to convey by discussing nullification of an entire arbitration proceeding has no bearing in a case such as this, in which the arbitrator determined that arbitration on the merits could not occur because the proceedings were untimely commenced and there was no circuit court litigation to which the parties needed to return.

¶11    We need not delineate, in this opinion, what the ramifications might be in other cases of a party's failure to confirm an arbitration award on the rights of the parties going forward. Rather, the following conclusion that we reach is sufficient to resolve this issue in this case: Johnson fails to establish that it is entitled to an order for arbitration on the merits as relief on the ground that the arbitration proceedings in which the arbitrator determined that the proceedings were untimely must be deemed null. We reject Johnson's first argument on that basis.

¶12    We turn to Johnson's alternative argument. It argues that its motion to vacate was timely, filed in the proper county circuit court, and established a

---

[5] *See **Milwaukee Police Ass'n v. City of Milwaukee***, 92 Wis. 2d 175, 184, 285 N.W.2d 133 (1979) (stating that a motion to confirm arbitration award was not moot even though the monetary portion of the award had been paid; "confirmation by the trial court is the only way in which the arbitrator's decision concerning the violation of the collective bargaining agreement could have an effect upon the parties, since failure to confirm the award renders the entire arbitration proceeding a nullity"); ***Milwaukee Police Ass'n v. City of Milwaukee***, 92 Wis. 2d 185, 189-90, 285 N.W.2d 138 (1979) (same).

basis to vacate the award. For reasons we now explain, we conclude that the motion to vacate was untimely and this is dispositive on this issue.

¶13 Under WIS. STAT. § 788.13, notice of a motion to vacate an arbitration award must be served on the adverse party "within 3 months after the award is filed or delivered." Here, the arbitration award was delivered to the parties on September 13, 2019, and the motion to vacate was filed on March 18, 2021.

¶14 Johnson makes two arguments as to why we should conclude that its motion to vacate was nonetheless timely. First, it points out that the three-month time limit under WIS. STAT. § 788.13 does not apply when a party moves to confirm an award under WIS. STAT. § 788.09, and therefore if General Beer had moved for confirmation Johnson could have responded with a motion to vacate. *See Milwaukee Police Ass'n v. City of Milwaukee*, 92 Wis. 2d 145, 165, 285 N.W.2d 119 (1979) (stating that the statutory time for filing a motion to vacate is "inapplicable when a party who prevails at an arbitration decides to move to confirm the award and the adverse party desires to raise objections by responding with a motion to vacate, modify or correct the award").

¶15 Second, Johnson argues that "filed or delivered" does not mean the earlier of the two events and therefore, because the award was never "filed" in the circuit court, the three-month period to move to vacate the award has not yet run.[6]

---

[6] Johnson also asserts that the time limit "could also be viewed as equitably tolled as the case was still open in Portage County," and because General Beer "never paid for the arbitration which could only be enforced by the Court and has yet to be addressed." In making these assertions, Johnson fails to develop an argument and we decline to consider the assertions further. *See Pettit*, 171 Wis. 2d at 646-47.

8

¶16    We reject both of these arguments and conclude that the motion to vacate was untimely.  We are not persuaded by Johnson's argument that it can be excused from the three-month period to move to vacate because General Beer had the option to move to confirm the award.  While Johnson could have raised its challenges to the arbitration award in response to a motion to confirm, had such a motion been filed, Johnson has identified nothing in the statutes or case law that alters the three-month period to bring a motion to vacate when there has not been a motion to confirm.

¶17    Regarding Johnson's second argument on this issue, we agree with General Beer that, under a plain meaning interpretation of the statute, the three-month period begins to run when either triggering event occurs:  the delivery *or* filing of the award.  Johnson's interpretation—that the three-month period begins to run only once both delivery *and* filing of the award have occurred—would alter the unambiguous words of the statute.  *See **Beaver Dam Cmty. Hosps., Inc. v. City of Beaver Dam***, 2012 WI App 102, ¶10, 344 Wis. 2d 278, 822 N.W.2d 491 ("The ordinary meaning of 'or' is disjunctive, meaning that a category that is included in a list of categories linked by the term 'or' is one alternative choice.").  For these reasons, we reject Johnson's argument that the motion to vacate was timely filed.

¶18    Because our conclusion that the motion to vacate was untimely is dispositive in resolving Johnson's argument regarding its motion to vacate, we do not address Johnson's remaining arguments.  We affirm.

        *By the Court*.—Order affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.